**City of Springfield et al., Appellees, v. George J. Kable and Mary Edith Kable Caldwell, Appellants.**

**Gen. No. 9,235.**

Opinion filed October 15, 1940.

WILLIAM L. PATTON and T. C. TORRENCE, both of Springfield, for appellants.

HUGH J. GRAHAM, JR. and BARBER & BARBER, both of Springfield, for appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Sangamon county enjoining the defendants from using, as a public parking lot for the storing of automobiles, a tract of land 88 feet by 91 feet, located in the north central part of a block bounded by Jackson, Second, Cook and Third streets, and the extended line of Third street, in the City of Springfield, and designated as tract number one.

The decree was granted on plaintiffs' motion for judgment on amended count 1 of the complaint, for want of a sufficient answer. The amended complaint consists of three counts, count 1 being devoted to tract one, upon which there was no dispute as to its former use, and counts 2 and 3 severally covering tract two and three.

The cause was referred to the master to take proofs as to counts 2 and 3, and judgment was allowed in favor of plaintiffs on the pleadings as to count 1. Amended count 1 of the complaint, filed by the City of Springfield, its Superintendent of Buildings, and sixteen property owners, owning 17 dwelling and apartment houses, alleging the adoption by the City, on July 28, 1924, of a Zoning Ordinance designating the block in question, as a Class "B" Residence District, and limiting the use thereof for certain purposes which did not include parking lots, and prohibited all other uses. Count 1 further avers that tract one at the time of the enactment of said Zoning Ordinance was used only as a flower garden and continued to be used for the growing of flowers up until October 1, 1937, when the defendant Kable caused the same to be covered with cinders, and began to use it as a parking lot.

The defendants' answer to said amended count 1 admitted the adoption of the Zoning Ordinance; the ownership of the real estate; and the use of tract one as a flower garden, from the passage of the Zoning Ordi-

nance and up until October 1, 1937, and also admitted that it was then converted into a parking lot, as alleged in the complaint. In their answer, defendants deny the allegation of the complaint that at the time of the enactment of the Zoning Ordinance the neighborhood was characteristically a residence one. They also deny that plaintiffs are entitled to the relief prayed for, for the reason that the Zoning Ordinance is unreasonable, and that the unlawful use of the police power of the State of Illinois, results in taking defendants' property without due process of law, without just compensation, and in violation of the fifth and fourteenth amendments of the Federal Constitution, and sections 2 and 13 of article two, of the Illinois Constitution, and further denies that there is any justification for the Zoning Ordinance limiting and restricting the use of the defendants' property, for the conservation or furtherance of the public health, safety, morals or general welfare, and avers that defendants' property was wrongfully included in said Zoning Ordinance as ''B'' Residential District in considering the location of the land, its relation to the streets, and its prior and probable use.

The power of a city or village to adopt comprehensive zoning laws is based upon the police power, and their prohibitive restrictions are valid if they bear a reasonable relation to the public comfort, morals, safety and general welfare, even though some individual may suffer an invasion of his property. The presumption is in favor of the validity of a zoning ordinance, and it is incumbent upon the property owner attacking it to affirmatively and clearly show its unreasonableness. When the reasonableness of the ordinance is challenged, the question for the court is not whether it thinks the ordinance wise, but whether it has a rational relation to the public health, morals, safety or general welfare. (*Rothschild v. Hussey,* 364 Ill. 557.) While the restraints put upon private prop-

erty by zoning ordinance must not be arbitrarily imposed, and are subject to review by the courts, it is primarily the function of the municipality to determine the line of demarcation as to the use and purpose to which property may be assigned. Where the unreasonableness of restrictions is not clearly shown, the court will not substitute its judgment for that of the group to whom the determination was entrusted by the legislature. (*Speroni v. Board of Appeals of City of Sperling*, 368 Ill. 568; *Minkus v. Pond*, 326 Ill. 467.)

The answer filed herein to count 1 of the amended complaint, neither denies any material facts, nor sets up any new facts which constitute a defense. The general allegations that the Zoning Ordinance in question is unreasonable, unlawful and in violation of the Federal and State Constitution are mere conclusions of law. It is not necessary to introduce evidence of what is admitted by the pleadings, and allegations of conclusions of law not based upon facts pleaded are immaterial and may be disregarded. (*Macaulay v. Jones*, 295 Ill. 614; *Binz v. Tyler*, 79 Ill. 248; *Barnes v. Northern Trust Co.*, 169 Ill. 112; *Phillips v. Gannon*, 246 Ill. 98.) When such legislative action is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary. The burden is not sustained by making allegations which are merely the general conclusions of law or fact. Facts relied upon to rebut the presumption of constitutionality must be specifically set forth. (*Pacific States Box & Basket Co. v. White*, 296 U. S. 176.)

The defendants failed to set up any proper defense in their answer to count 1 of the amended complaint,

and the court very properly entered judgment on the pleadings. Therefore, the decree of the circuit court is affirmed.

*Decree affirmed.*