**HATCH et al. v. FISCAL COURT OF FAYETTE COUNTY et al.**

Court of Appeals of Kentucky.

Oct. 19, 1951.

Scott Reed and Job D. Turner, Jr., Lexington, for appellants.

Stoll, Keenon & Park, and Paul H. Mansfield, all of Lexington, for appellees.

STEWART, Justice.

This is a "class suit" whereby appellants, plaintiffs below, attack the final report of the City of Lexington and Fayette County Planning and Zoning Commission, hereafter called Zoning Commission, in rezoning a tract of undeveloped land on the southernmost edge of Lexington from Residence "B" to Business "A" classification. Action before the Zoning Commission was initiated by one George Young who had contracted to buy the land for the erection thereon of a shopping center, provided the property could be reclassified for that purpose. Appellants are lot owners in a subdivision that, together with the tract in controversy, had previously been placed in a residential category by the Zoning Commission. They objected to the proposed change and presented before the Zoning

Commission a petition signed by the owners of more than twenty per cent of the number of lots in the area and located within 200 feet of the tract, protesting against any variance. After a hearing, the Zoning Commission unanimously approved the reclassification of the property for business purposes and referred its finding to the Fayette County Fiscal Court for approval or disapproval, as the property is located outside the city limits of Lexington. The Fiscal Court approved the final report of the Zoning Commission by a three to one vote and entered a resolution to that effect.

Appellants then filed in the circuit court a petition against the Zoning Commission and the Fiscal Court for a declaration of rights. George Young, who had made the original application for the change, intervened by petition. Appellees, defendants below, demurred generally to the petition and appellants filed special and general demurrers to the intervening petition of Young. The demurrer to the petition was sustained and the special and general demurrers to the intervening petition were overruled. The objectors to the rezoning, declining to plead further, appeal from the judgment adverse to them.

The principal question to be decided is whether the petition states ultimate facts and not mere conclusions. The terminal line between a conclusion of law and a question of fact is not always easy to draw, as was said in 41 Am.Jur., Pleading, Sec. 18, p. 302: "The line of demarcation between questions of fact and conclusions of law, is not easy to draw in all cases, and it is difficult to formulate a definition that will always describe a conclusion of law so as to distinguish it from a pleadable, ultimate fact. In many cases, it is the means by which the result is to be reached that is determinative of the question whether a given allegation is one or the other."

Appellants first allege that the action of the Zoning Commission in approving the application of George Young "was illegal, arbitrary and capricious in that there was no substantial evidence to support the application for the change, and further that the applicant, George Young, did not show that a change of zone was to the best interest of the public generally, and did not establish that the proposed change had any substantial relation, or any relation whatsoever to the public health, morals, safety and welfare of the community * * *." Continuing, they next aver that "by the illegal, arbitrary and capricious granting of the application by the defendants, the defendants encouraged congestion in the streets and increased the danger of fire in the community, and promoted the overcrowding of land, and the plaintiffs state that there are no adequate facilities for transportation, water, gas and sewage to serve a business area in this locality."

KRS 100.360(3) provides as follows: "All plans, maps, regulations, and restrictions adopted by the commission shall be made in accordance with a comprehensive design to promote the public health, safety, morals or general welfare * * *, by securing safety from fire, panic or other dangers, or by providing adequate light and air, or by preventing overcrowding of land, or by avoiding the undue concentration of population, or by facilitating the adequate provision of transportation, water, sewerage, schools, parks, playgrounds or other public requirements. All regulations and restrictions shall be made with reasonable consideration of the character of each zone or district affected, and its peculiar suitability for particular uses."

When we compare the above quoted allegations with the foregoing statutory provision, we note the studied effort on the part of the pleader to mesh the averments with the legal requirements in such a manner as to make out a case of noncompliance with the statute on the part of the Zoning Commission. The petition does not state that the Zoning Commission failed to hold a regular meeting, pursuant to due notice, with a sufficient quorum present to transact business, in order to consider and act upon the application for the rezoning change and to hear any objections thereto. Moreover, the final report is assailed, not because the Zoning Commission failed or refused to give ear to all the evidence that was presented to it during its session,

but because, as it is claimed, the evidence introduced was not of a substantial character to sustain the finding of the Zoning Commission. When the petition pleads that George Young did not show or establish that the change was for the best interest of the public generally and that the rezoning had no relation whatever to the public health, morals, safety and welfare of the community, this is another assumption by the pleader that the Zoning Commission did not give due consideration at the hearing to this phase of the case. The remaining portion of the above pleading shifts from cause to effect. The petition describes the ill effects that will flow, as appellants contend, from the rezoning, all because of the illegal, arbitrary and capricious act of the Zoning Commission in granting the application.

There is no statutory provision specifically authorizing a review by the circuit court of the finding of a zoning commission of a second class city. However, it is undisputed that courts have the inherent power to prevent an administrative body from proceeding illegally, arbitrarily and capriciously to the injury of another. See 58 Am.Jur., Zoning, Sec. 171, p. 1033. We do not share the view of appellants that where a statute is silent as to the granting of any right of judicial review of the acts of an administrative body the power of the courts to review its acts is unlimited. In the instant case, we are of the opinion that a court can only interfere if and when it is shown that the Zoning Commission has violated some specific duty placed upon it by statute, or, to state the same idea differently, if and when it is clearly demonstrated that the members thereof acted illegally, arbitrarily and capriciously.

In every case involving the judicial review of the proceedings before a zoning commission the presumption is that the action of the commission was reasonable and was carried out according to law. Moreover, courts will not question the wisdom of the findings of a zoning commission, nor will courts interfere with the final report of such a body in the absence of a specific showing that it has acted unreasonably and arbitrarily. In the case of City of Springfield v. Kable, 306 Ill.App. 616, 29 N.E.2d 675, 677, the validity of a zoning ordinance was challenged by charging that the ordinance was, among other things, an unreasonable and unlawful use by the city of its police power and that there was no justification for the zoning ordinance as regards the promotion of public health, safety, morals and the general welfare. The court, in holding such statements conclusions of law, said: "* * * The presumption is in favor of the validity of a zoning ordinance, and it is incumbent upon the property owner attacking it to affirmatively and clearly show its unreasonableness. * * * Where the unreasonableness of restrictions is not clearly shown, the court will not substitute its judgment for that of the group to whom the determination was entrusted by the legislature."

See also Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016.

There is nothing in the petition to indicate that the Zoning Commission acted otherwise than within the framework of the law in arriving at its decision and we must therefore presume that its action was valid. The general averment that this body at any time acted illegally, arbitrarily and capriciously is a mere conclusion of law.

The petition finally alleges "that the defendant, Fiscal Court of Fayette County, Kentucky, and the defendant members thereof, illegally, arbitrarily, capriciously and without valid and legal evidence, or any evidence, approved the finding" of the Zoning Commission.

KRS 100.410 provides that the final report of the commission, in so far as it affects property outside the city limits of a second class city, shall not become effective until approved by an order or resolution of the fiscal court of the county in which such property is located. The fiscal court may approve or disapprove the report but it may not make any change therein.

In examining the statutory provision just mentioned it is obvious that the Fiscal Court was not required to hear any

evidence in order to accept or reject the report of the Zoning Commission; therefore, we cannot assume that it acted illegally, arbitrarily and capriciously if it had no formal hearing before it adopted the zoning change. Here again the allegation is a conclusion of law.

█ Appellants contend that George Young could not properly initiate the action before the Zoning Commission for the reason that he merely held an option to buy the land in controversy. This argument is without merit, as courts have recognized the right of an option holder to make an application for a zoning change. Dunham v. Board of Adjustment of Town of Westerly, 68 R.I. 88, 26 A.2d 614; Wilson v. Township Committee of Union Township, 123 N.J.L. 474, 9 A.2d 771.

It follows that the circuit court properly sustained the demurrer to the petition and overruled the special and general demurrers to the intervening petition.

Wherefore, the judgment is affirmed.

LATIMER, J., dissenting.