**EAST JEFFERSONTOWN IMPROVE-
·MENT ASSOCIATION, Inc.,
et al., Appellants,**

**v.**

**LOUISVILLE & JEFFERSON COUNTY
PLANNING & ZONING COM-
MISSION, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1955.

Petition for Rehearing Dismissed
Jan. 27, 1956.

Athol Lee Taylor, Louisville, for appellants.

James L. Taylor, M. G. Snyder, James W. Jones, Louisville, for appellees.

·MILLIKEN, Judge.

The issue on this appeal is whether an action of the Jefferson County Fiscal Court, pursuant to KRS 100.061 dealing with zoning and planning, can be appealed to the Circuit Court. That court held that no appeal to it was available.

The litigation involves an attempt by the appellants, property ·owners, to, in effect, enjoin the Fiscal Court and the Louisville & Jefferson County Planning & Zoning Commission from authorizing the construction of a sewage disposal plant by the City of·Jeffersontown and its Water & Sewage

Commission at the northwest corner of the intersection of Taylorsville Road and Chenoweth Run Creek. This property was in a residentially zoned territory immediately adjacent to industrially zoned territory at the time the Jeffersontown Water & Sewage Commission requested the Louisville & Jefferson County Planning & Zoning Commission to change its master plan in order to permit this "special use" of the property under Section 13 of the Zoning Commission's regulation, which request was granted by the Zoning Commission.

There are two ways by which the Fiscal Court of Jefferson County and the legislative body of the City of Louisville may effectuate the master plan for the harmonious development of the unincorporated and incorporated areas of Jefferson County through the construction of roads, parkways, public utilities, etc.: (1) directly "by appropriate ordinances, resolutions or orders passed by the legislative body of such city or the fiscal court of such county," and (2) indirectly "by order of the Commission (Louisville & Jefferson County Planning & Zoning Commission) if and when said legislative body and said fiscal court, by appropriate ordinances, resolutions or orders, authorize said Commission to so act." KRS 100.059 (1). The first method was the one pursued in authorizing the construction of the sewage disposal plant which it is here sought to prevent.

When the legislative body of the county or city does not delegate power to the Zoning Commission to act for it in approving the construction, but reserves that right to itself, then the legislative body may approve the recommendation of the Zoning Commission by a majority vote only after public hearing on due notice is held by the Zoning Commission before it makes its recommendation to the legislative body. KRS 100.061, 100.048. The procedure is the same prescribed for the adoption of the master plan itself, and involves a much more deliberate, protracted and cumbersome process than that required under KRS 100.062 governing the procedure by the Zoning Commission when the legislative body has delegated to it the power to approve or authorize construction. In the latter instance, the Zoning Commission may proceed with the approval of the construction after it has notified "all parties of record and the proposer (Commission) may proceed to carry out the proposal unless an appeal is taken as granted in KRS 100.063" to the circuit court as is available in other actions of the Commission under KRS 100.057.

The fact that no specific statutory appeal is afforded when the legislative body acts directly, while one is afforded when it acts indirectly through an administrative agency, probably originates in the generic distinction between legislative and administrative or ministerial acts. In the latter classification many considerations such as due process, the separation of governmental powers, and the caution with which both courts and legislatures have been inclined to view the rapid growth of administrative agencies, have contributed to the tendency to allow review of many of their actions. "Judicial review of administrative action has developed, even as the common law itself, gradully, from case to case, in response to the pressures of particular situations, the teachings of experience, the guidance of ideals and general principles, and the influence of legislation. It is a complex of old and new, of historical survivals and purposive innovations. * * * The legislative and judicial practice has ordinarily been to provide judicial review for administrative adjudications, whether required by constitutional commands or not." 42 Am. Jur., Public Administrative Law, Section 186, page 551.

It is, therefore, our conclusion that it was no oversight which caused the General Assembly to specifically grant an appeal in the one instance and not in the other, and, as a consequence, we are not willing to read into KRS 100.063 the power to appeal to the Circuit Court from the direct action of the Fiscal Court. That section of the statute affords an appeal only when the Zoning Commission acts under its delegated power. Furthermore, the right to appeal is not inherent, but, in the absence

of a governing constitutional provision, may be granted or withheld at the discretion of the General Assembly. For collection of cases so holding, see Ky. Digest, Appeal and Error, ⊜⇒1. We find no other avenue of appeal suggested by the appellants, so conclude the trial court was correct in adjudging that no appeal was available.

No. testimony was taken in this action although affidavits of various officials and individuals were placed in the record urging the prompt construction of the disposal plant at the chosen site as the best plan available for protecting the health of the citizens in this rapidly developing area of the county. The pleading does allege in general terms that the actions of the Fiscal Court and Zoning Commission are "illegal, arbitrary, capricious and void because they were not adopted in conformity with the provisions of Chapter 100, KRS, and the zoning regulations" of the Zoning Commission. Our attitude toward such generalities is stated in Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018, 1019.

The judgment is affirmed.