C. A. LEUTENMAYER et al., Appellants,

v.

Harry MATHIS et al., Appellees.

William F. HANNAN, Sr., et al., Trustees, Etc., Appellants,

v.

Harry MATHIS et al., Appellees.

Emmett L. BEYER, Appellant,

v.

Harry MATHIS et al., Appellees.

Court of Appeals of Kentucky.

Dec. 18, 1959.

Rehearing Denied April 22, 1960.

———◇———

Ernest W. Rivers, Williams, Rivers & Melton, Paducah, for appellants C. A. Leutenmayer and others.

Terrell, Schultzman & Hardy, Adrian H. Terrell, Paducah, for appellants Wm. F. Hannan, Sr., and others.

Wheeler & Marshall, Thomas J. Marshall, Jr., Paducah, for appellant Emmett L. Beyer.

Waller, Threlkeld, Whitlow & Byrd, Henry O. Whitlow, Paducah, for appellees.

CULLEN, Commissioner.

These appeals are from a declaratory judgment of the McCracken Circuit Court, holding invalid an ordinance of the City of Paducah which changed the zoning classification of certain territory in the city from R–1 and R–2 (residential) to B–1 (business). The appellants are property owners in the rezoned area and the appellees are owners of adjoining property.

The territory in question lies on the west side of the City of Paducah, near the city limits, at the intersection of two major highways. One of these highways, called the Lone Oak Road, carries traffic between the main street of Paducah and cities to the south, and the other, which is known as Blandville Road west of the intersection and Jackson Street east of the intersection, is an artery for east-west traffic.

The ordinance here involved rezoned land lying at the southwest and southeast corners of the intersection. The land at the southwest corner consists of a 14-acre tract owned by the Hannan Estate, together with some 23 lots of the Sanders Subdivision lying to the south of the Hannan tract. The land at the southeast corner consists of a strip 155 feet deep and 1,200 feet long, extending along the east side of the Lone Oak Road, and embracing lots of seven different owners.

The property at the northwest corner is occupied by high type residences, the owners of which protested the rezoning and are the appellees here. By virtue of an ordinance adopted shortly before the one here in question, the land at the northeast corner, fronting on Lone Oak Road, has become a part of a B–1 district extending north to the main street of Paducah.

In June 1956 an ordinance had been adopted rezoning only the Hannan tract. That ordinance was held invalid in Mathis v. Hannan, Ky., 306 S.W.2d 278, on the ground that it constituted spot zoning. The ordinance now before us was enacted some six weeks after the mandate in the Mathis case was issued.

The main question on these appeals is whether or not the decision in the Mathis case is controlling of this case. We think it is not, for the reasons hereinafter indicated.

The ordinance here embraces some 30 lots that were not covered by the 1956 ordinance. It extends to territory on the east side of Lone Oak Road, which the 1956 ordinance did not. The land at the northeast corner of the intersection now is zoned for business, whereas in 1956 it was zoned residential. And there is substantial evidence in this case that the area surrounding the rezoned territory, except for that at the northwest corner of the intersection, is neither being used for nor is it suitable for high type residences, whereas the only evidence in the record in the Mathis case was that "the entire Hannan tract is surrounded by property devoted to high type residential purposes." 306 S.W. 2d 279.

There is no basis for a claim of res adjudicata, because neither the subject matter nor the parties are identical with those in the former suit.

The 1956 ordinance was held invalid, as constituting spot zoning, because the record showed that the ordinance sought to confer special benefits on a particular property owner whose property, indistinguishable in characteristics from the adjoining property, had been singled out for preferential treatment without regard to the comprehensive zoning plan or consideration of the general welfare. In the instant case the record is different. The property is not that of one owner, but of several. There is evidence that the rezoned area is different in topography and adaptability for residential use from the surrounding territory. There is the fact that the property at the northeast corner of the intersection is now zoned for business. And there is evidence that in accordance with an orderly plan for development of the city it would be desirable to designate a section in this part of the city for a community business center.

The nature and extent of the additional area that has been included with the Hannan tract in the present ordinance are such that we cannot view the present ordinance as being simply a dressed up second attempt to rezone the Hannan tract for the special benefit of its owners. While there might be basis for a suspicion that such was the motive, we cannot invalidate the ordinance upon mere suspicion in the light of evidence warranting a conclusion that the rezoning had a reasonable relation to the general welfare and was in accordance with sound zoning principles.

It is our conclusion that the circumstances of this case do not bring it within the category of a spot zoning case so as to require the ordinance to be invalidated under the authorities relied upon in Mathis v. Hannan.

The determination having been made that this is not a spot zoning case, it is not necessary, in order to uphold the ordinance, that there have been a showing of a change of conditions since the enactment of the original comprehensive zoning ordinance. Shemwell v. Speck, Ky., 265 S.W.2d 468; Byrn v. Beechwood Village, Ky., 253 S.W.2d 395. It is sufficient that the ordinance bear a reasonable relation to the general welfare and to an orderly plan of zoning development.

Here there was testimony that the rezoned area is not adaptable for high type residential use, that adjoining property to the northeast has been developed for business, and that there is a need in accordance with general development of the city for a business center in this area. Of course there was other testimony to the contrary. But we do not conceive that the function of the court in this type of case is to weigh the evidence and reach a de novo decision on the merits of the rezoning, for the action of the legislative body of a second-class city with respect to zoning is not reviewable by direct appeal but only by independent action in which the sole question for the court is whether the legislative body acted arbitrarily, capriciously or illegally. Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018. If the evidence is such that reasonable minds

could differ as to whether the zoning ordinance has a substantial relation to the public health, morals, safety or general welfare, the ordinance must be upheld. We think reasonable minds could differ under the evidence in this case, and therefore the trial court erred in holding the ordinance invalid.

The judgment is reversed, with directions to enter judgment declaring the ordinance to be valid.