**PIERSON TRAPP COMPANY, Appellant,**

v.

**Bart N. PEAK et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 23, 1960.

Miller, Griffin, Marks & Stephens, Lexington, for appellant.

Armand Angelucci, Harbison, Kessinger, Lisle & Bush, Lexington, for appellees.

CULLEN, Commissioner.

Upon recommendation of the county planning commission the fiscal court of Fayette County adopted a resolution rezoning from residential to commercial a tract of 30 acres lying near the intersection of Harrodsburg Road and Lane Allen Road. Pierson Trapp Company, owner of a shopping center in the same vicinity, brought a suit alleging that the action of the fiscal court and of the planning commission was illegal, arbitrary and capricious, and seeking to have the action declared void and to have the owners of the tract enjoined from using it for commercial purposes. (There is no statutory right of appeal from the planning commission or the fiscal court in zoning cases in counties containing a city of the second class, but judicial relief may be obtained in an independent suit upon a showing that their action was illegal, arbitrary or capricious. Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018.) The circuit court sustained a motion to dismiss on the ground that the complaint did not state a claim on which relief could be granted. The plaintiff company has appealed from the judgment of dismissal.

A companion suit, brought by other property owners, was dismissed on the same ground, and we have also an appeal in that suit, which is being disposed of in a separate opinion. See Moore et al. v. Peak et al., Ky., 340 S.W.2d 461.

We are faced at the outset with a motion to dismiss the appeal on the grounds that the

record was not filed in time and that there is no showing of the required jurisdictional amount in controversy.

■ It is contended that under KRS 100.970 the record was required to be filed within 60 days from the entry of judgment, which it was not. (It will be noted that under a 1960 amendment the special 60-day requirement of this statute has been eliminated so that zoning appeals will in the future follow the standard procedure prescribed by the Civil Rules.) This statute provided that appeals from judgments of the circuit courts "arising under the planning and zoning laws of this Commonwealth" must be docketed within 60 days. The question is whether the judgment in this case, which was an independent action in equity for judicial relief from alleged illegal, arbitrary and capricious action of the fiscal court and planning commission, is a judgment "arising under the planning and zoning laws."

The zoning statutes contained in KRS Chapter 100 make a number of provisions for appeals from various zoning authorities to the circuit courts. Appeals from judgments in such statutory actions clearly would be subject to KRS 100.970. But here the action does not proceed under the zoning laws, but is in substance a collateral attack on proceedings purported to have been taken under those laws. Since the action itself is not under the zoning laws, certainly the parties would not expect that an appeal in the action would be governed by a zoning statute.

The question is a close one of statutory construction. Fortunately it will not arise again because the legislature has chosen to eliminate this special appeal provision, which in a way was a trap for the unwary. We are inclined under all the circumstances to take a liberal view and it is our holding that the statute did not apply to appeals from judgments in independent suits such as this.

■ As concerns the contention that the required jurisdictional amount is not shown, it is our opinion that this is the type of action in which the thing in controversy does not have a value translatable into a monetary valuation. See Salyers v. Tackett, Ky., 322 S.W.2d 707. The controversy is one in which public rights and interests are involved, and the question of how much private damage the particular plaintiff possibly may suffer is not controlling. The real question is whether the zoning action conforms to the interests of the public.

The motion to dismiss the appeal is overruled.

In considering the question of whether the complaint states a claim on which relief can be granted we shall pass for the moment the allegation that the action of the planning commission and the fiscal court constituted spot zoning, and shall give our attention to certain specific alleged grounds of illegality of the action of the planning commission.

■ It is first alleged that the notice of the public hearing held by the planning commission was illegal and insufficient, in that the hearing, which was held on June 25, was advertised only by notices published on June 13, 17 and 23. It is maintained that under the statutes, KRS 100.390 and 424.130(1)(b), notice was required to be published "once a week for three successive weeks," and that this means there shall be a total notice period of at least 21 days. The appellant concedes that there was a notice published in each of three different weeks, but points out that there was a period of only 11 days between the first and last notices, and suggests that at the very least there should have been a week's period between the last publication and the day of the hearing.

The cases relied upon by the appellant all involved statutory requirements that notice be published "for" a specified period of time, with no designation of a specific number of insertions. Here the statute requires only three insertions, to be in successive weeks. Under a similar statute we expressly held that the first notice need not be published 21 days before the advertised event, and that it

was sufficient where the notices were published in separate weeks, even though the first notice was only 13 days before the event and the last only one day before the event. Scott v. A. Arnold & Sons Transfer & Storage Co., 273 Ky. 163, 116 S.W.2d 296. It may be observed also that the 1958 statute, KRS 424.130(1) (d), required only, in the case of multiple publications, that the last one be not later than two days before the advertised event.

It is our conclusion that the complaint did not state a claim on the matter of insufficiency of notice.

■ The complaint next alleges that the planning commission did not require the owners of the rezoned tract to supply the information required by Section 20.6 of the Fayette County zoning resolution pertaining to shopping centers and did not proceed according to the provisions of that section.

The section in question provides that if the owner of a tract of land desires a change of zoning classification to allow the use of the land for a shopping center he must submit a plan showing his financial ability, that the center will be completed within a specified period of time, that there is a need for the center, that the site is adequate, that traffic congestion will not be created, and that the center will conform to stated requirements of the resolution as to design, building heights, yard space, percentage of tract covered, screening from adjacent properties, parking space, loading space, accessways, signs, and street frontage. The planning commission then will hold a public hearing, following which it may "rezone the property to the classification permitting the proposed center."

While the resolution does not purport to provide that a tract of land be rezoned for shopping center use *only,* but rather that it be rezoned to a *classification* that will permit a shopping center, it appears that the resolution in actual effect represents an attempt to establish a specific shopping center classification.

It does not appear that a landowner who desires his land to be rezoned for general commercial use must make any showing as to what particular use he has in mind; it is sufficient if he can establish that the land should be zoned commercial under general zoning principles. Presumably an owner could obtain such a rezoning without disclosing his particular plans as to use, and then could construct a shopping center, thus completely bypassing the requirements of the zoning resolution controlling shopping center applications. It is further to be noted that the resolution section in question does not purport to place any controls over the construction of shopping centers in districts that *already* are zoned commercial. So the resolution seems to create a shopping center classification only as to property that is sought to be rezoned from a residential classification.

Under KRS 100.350(5), governing zoning in counties containing a city of the second class, it is provided that the zoning authority may lay off and establish "zones or districts." It is obvious that this means zones or districts based upon *classes of uses.* See Selligman v. Von Allmen Bros., 297 Ky. 121, 179 S.W.2d 207. Nowhere in the field of zoning law do we find any indication that the zoning authority may establish a zone or district that is limited to only one particular use. Our concept of the legitimate scope of the zoning power does not extend it to the point of embracing the power to restrict the use of property other than to reasonable general classifications.

It is our opinion that the resolution section in question, to the extent that it makes it a condition of rezoning that the property be restricted to a particular use, is unconstitutional. Accordingly, the planning commission could not require conformance with the section, and the allegation of the complaint that it did not so require therefore does not state a claim on which relief could be granted.

It may be that the zoning resolution in other sections does purport to regulate

generally the height and size of buildings in commercial zones, the percentage of lots that may be occupied, the size of yards, etc., and that these regulations might be valid under the authority of KRS 100.350 (5), if they are uniform for each class or kind of buildings throughout the zone, as required by KRS 100.350(6). But the suit here does not question compliance with the building regulations as such; it attacks only the *zoning change.*

■ A further allegation of the complaint is that the planning commission did not require the owners of the rezoned tract to make adequate provisions for the disposal of sewage, but instead permitted the owners to furnish a bond to guarantee that there would be adequate sewage disposal, which permission was a special dispensation not allowed by the commission to previous applicants for shopping center zoning changes.

We are not advised of any basis of authority of the planning commission to exercise control over sewage facilities, by way of a condition to the recommendation of a change of zoning classification, or otherwise. What we have said previously in this opinion with respect to Section 20.6 of the resolution is equally applicable here. What sewage facilities will be provided for the particular structure that eventually may be erected on the land in question is not a proper factor of consideration on the question of whether there shall be a change of zoning classification. Accordingly, the allegation of the complaint with respect to sewage facilities did not state a claim on which relief could be granted.

■ Another allegation of the complaint is that the zoning change will damage or diminish in value the property of other persons in the vicinity, including the plaintiff. It is true that the effect of a zoning change on the value of neighboring property is one factor that may be taken into consideration in determining the reasonableness of the change; but it is only one factor and the mere fact, standing alone,

that neighboring property may be decreased in value is not grounds for invalidating the change as arbitrary and capricious. Byrn v. Beechwood Village, Ky., 253 S.W.2d 395. The purpose of zoning is not to protect the value of the property of particular individuals, but rather to promote the welfare of the community as a whole. Shemwell v. Speck, Ky., 265 S.W.2d 468. So the allegation as to diminishment of value does not state a ground for relief.

■ Our conclusion up to this point is that the allegations of the complaint so far discussed do not state a claim on which a relief could be granted. There remains for consideration the allegation that the zoning change constituted "spot zoning."

The circuit court held that the allegation as to spot zoning did not state a claim for two reasons; first, because under the decision in Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018, the allegation was a mere conclusion of law; and second, because the court could take judicial notice of the conditions surrounding the property in question and with such notice the court could and did find that the zoning change was not spot zoning.

The Hatch case was decided under the rigid rules of "fact" pleading developed under the former Civil Code of Practice, and it is not a controlling authority as to proper pleading under the Civil Rules.

Under the theory of "notice" pleading adopted by the Civil Rules a complaint will not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. Spencer v. Woods, Ky., 282 S.W.2d 851; Clay, CR 12.02. It is immaterial whether the complaint states "conclusions" or "facts" as long as fair notice is given. Moore's Federal Practice, Vol. 2, p. 1647.

It is our opinion that the allegation that the action of the planning commission and fiscal court constituted "spot zoning" gave fair notice, and that as far as the pleadings

are concerned a state of facts might be proved in support of the claim that would entitle the plaintiff to relief. So the circuit court erred in the first ground relied upon for dismissal of the complaint.

■ As concerns the matter of taking judicial notice of the conditions surrounding the property, the circuit court relied upon Parkrite Auto Park v. Shea, 314 Ky. 520, 235 S.W.2d 986, wherein it was held that the courts could take judicial notice of the physical conditions surrounding a well known site in downtown Lexington. However, the rule is that judicial notice is taken of geographical locations only when the knowledge related thereto is generally known by all persons or is readily ascertainable by them. Logan v. Commonwealth, Ky., 319 S.W.2d 465. (In the latter case the court would not take judicial notice of the particular location of a U. S. highway within the city limits of Corbin.) We do not consider that the conditions surrounding the particular intersection of highways here in question, outside the city of Lexington, is a matter so generally known or ascertainable as to be within the scope of judicial notice. Furthermore, the question of spot zoning is not determined solely by actual present use of property, so knowledge of present use would not furnish all factors necessary to decide the question.

It is our conclusion that the allegation of the complaint with respect to spot zoning does state a claim on which relief could be granted, and the circuit court erred in dismissing the complaint. However, we feel compelled to say that if the conditions and circumstances surrounding the property in question are in fact as attempted to be judicially noticed by the circuit court, and as stated in the briefs, the claim of spot zoning will have no support. Perhaps the essential facts can be developed on motion for summary judgment.

The judgment is reversed, for proceedings in conformity with this opinion.