Charles W. Wise, Plaintiff-Appellant, v. Civil Service Commission of the City of Chicago et al., Defendants-Appellees.

Gen. No. 49,506.

First District, Third Division.

June 19, 1964.

Starke & Anglin, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Harry H. Pollack, Assistant Corporation Counsel, of counsel), for appellee.

PER CURIAM.

The Circuit Court affirmed the decision of the Civil Service Commission of the City of Chicago which found the appellant, Charles W. Wise, guilty of conduct unbecoming an employee of the City in that he had solicited and accepted a bribe in connection with his duties as a building inspector of the City. The commission ordered him discharged from his position.

The appellee has moved to dismiss this appeal under rule 5(2)(g) of the Appellate Court which provides: "The reviewing court shall dismiss the appeal if the record on appeal is not filed in proper time."

Notice of appeal was filed November 19, 1963, and the record was due in this court within 60 days thereafter but it was not filed until February 14, 1964. No extension of time for filing the record was granted by this court within the 60-day period, but the trial court granted the appellant's request for an extension of time in which to file a report of proceedings—which report had been specified in the praecipe for the record.

An extension of time for filing a report of proceedings extends the time when the record is to be filed in this court. Rule 5(2)(d) provides as follows:

"(d) *Time for filing record on appeal.* The record on appeal shall be filed in the reviewing court not more than 60 days after notice of appeal has been filed. If the time for filing the report of proceedings is extended, the time within which

the record on appeal must be filed is, without the necessity of an order, extended 10 days beyond the extended time for filing the report of proceedings."

The latter part of this rule does not obtain, however, if there is no genuine report of proceedings or if such a report is unnecessary to complete the record for review. West Side Trust & Sav. Bank of Chicago v. Damond, 280 Ill App 343. In the present case there were no proceedings before the trial court which had to be reported or approved. This is an administrative review action. While in some such actions the proceedings before the trial court might be of consequence, it was not so in this case. The trial court only reviewed the decision made by the administrative agency, the Civil Service Commission. The transcript of the hearing before the Civil Service Commission constituted the record which the trial court considered and this transcript, which is the only true report of proceedings in this case, was before the trial court as part of the appellees' answer to the appellant's complaint. No evidence was heard by the trial court and none properly could have been heard—although the appellant endeavored to have the court admit new exhibits and consider additional evidence in opposition to the decision of the commission. The discussion and argument before the trial court, which comprise the report of proceedings filed in this case, are not an essential part of the record on this appeal. We are concerned only with the transcript of the hearing before the Civil Service Commission, the motions made in the trial court, the trial court's rulings on these motions and the court's judgment. All these appear of record.

At the time the appellant's record was due in this court, he had available everything that was necessary for this court to consider in reviewing the judgment

of the trial court. An appellant cannot be permitted to obtain an extension of time in which to file his record in this court under the guise of presenting a report of proceedings to the trial court, where the record shows that such a report is neither necessary nor proper.

The motion of the appellees is allowed and the appeal dismissed.

Appeal dismissed.