**CENTRAL KENTUCKY DEVELOPMENT COMPANY, a Corporation, Appellant,**

v.

**Dan BRYAN, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1967.

Elwood Rosenbaum, Rosenbaum & Sullivan, Lexington, for appellant.

Weldon Shouse, Shouse, Barker & King, Richard S. Smith, Lexington, for appellees.

CLAY, Commissioner.

This proceeding is an attack upon a zoning reclassification in Lexington which was upheld by the Chancellor. It involves a tract lying adjacent to and northeast of appellant's cemetery on the Versailles Road. We have this day upheld a zoning reclassification of property adjacent to and west of the cemetery. Central Kentucky Development Company v. Knippenberg, Ky., 416 S.W.2d 745.

The land consists of 5½ acres heretofore divided into 12 building lots. In 1963 this property was zoned R–2, a residential use authorizing duplex dwelling development. In 1966 the property was rezoned R–4, which would permit the erection of apartment houses. It is this change which is challenged.

Over the last three or four years there has been intensive development in this general area, which lies north of the Versailles Road, both within and outside the city limits of Lexington. As the trial court found: "It is now a high density residential and business area." Subdivisions have grown rapidly, along with related commercial development.

In 1965 an area northwest of the cemetery was rezoned for a shopping center use. Surrounding areas have been recently rezoned from restrictive residential use to more high density residential use. The general planning seems to indicate that apartment dwellings play a proper part as a buffer zone between commercial (or other nonresidential development) and single family residential areas.

■ Appellant's first contention is that the present application for a zone change could not be considered because the city legislative body within a year prior thereto had declined to follow the recommendation of the City-County Planning Commission (hereafter "Commission"). One of the Commission's bylaws provided that in the event a petition for a zone change had been denied, a subsequent petition could not include the same area "until after the expiration of one year after the date of *the Commission's denial*." (Emphasis added.) The simple answer to appellant's argument is that this bylaw, or regulation, governs the proceedings of the Commission, not the legislative body, and the Commission had not theretofore at any time denied a petition for a zone change of this area.

■ It is next contended we have here a classic example of "spot zoning." It is true the tract involved is not large. However, we believe the zoning authorities properly could consider the substantial changes that had recently taken place in the surrounding area. This was recognized in Leutenmayer v. Mathis, Ky., 333 S.W.2d 774, and Hodge v. Luckett, Ky., 357 S.W. 2d 303. The rezoning of this land fits in with a practical plan of rezoning the general area.

■ It is finally contended the rezoning was not shown to be beneficial to the health, safety, morals and general welfare of the community. If rezoning bears a reasonable relationship to an orderly plan of zoning development, it must be held to constitute a proper exercise of the police power unless it is shown that the zoning authorities acted arbitrarily, capriciously or illegally. Leutenmayer v. Mathis, Ky., 333 S.W.2d 774. Appellant failed to establish that the zoning authorities had so acted.

The judgment is affirmed.

All concur.