**CENTRAL KENTUCKY DEVELOPMENT COMPANY, a Corporation, Appellant,**

v.

**Julian W. KNIPPENBERG, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1967.

Elwood Rosenbaum, Rosenbaum & Sullivan, Lexington, for appellant.

J. Montjoy Trimble, Kincaid, Wilson & Trimble, Weldon Shouse, Shouse, Barker, & King, Armand Angelucci, Robert F. Stephens, Asst. County Atty., Lexington, for appellees.

CLAY, Commissioner.

This is a declaratory judgment suit attacking a zoning plan adopted by the Fayette County Fiscal Court. A similar case involving other property in the area has been this day decided. Central Kentucky Development Company v. Bryan et al., Ky., 416 S.W.2d 743. The Chancellor confirmed the action taken. Appellant requests reversal of the judgment on the ground that the rezoning was arbitrary and unreasonable.

The property involved is a tract of approximately 22 acres abutting on and lying north of the Versailles Road. This property had been zoned agricultural, but it is agreed by both parties that such classification is no longer realistic. The land in this area has become thickly populated and for practical purposes it is ideally suited for both residential and related commercial uses.

The Fayette County Fiscal Court, following the recommendations of the Fayette

County Planning and Zoning Commission (hereafter "Commission"), adopted the following zoning plan:

9 acres classified Business 1 (which would permit development as a shopping center).

4 acres classified for professional office use.

8 acres classified Residence 4 (an apartment house classification).

Appellant's property, which adjoins this tract on the east, is a cemetery.

■ The first contention is that the Commission exceeded its powers when it required the person requesting the zoning change to submit to it a proposed plan for the development of this area. It is said that this resulted in "conditional zoning", which appellant contends is unauthorized. Without passing upon the validity of such zoning, there are three answers to appellant's argument. In the first place, the Commission has power under KRS 100.350 to obtain any pertinent information which would assist it in determining upon a proper land use. In the second place, the particular proposed uses were not incorporated in the zoning plan adopted. In the third place, assuming the zoning plan placed improper restrictions upon the property owner, he would be the person aggrieved and not the appellant.

■ It is next contended the Commission acted arbitrarily when it did not follow an "Interim Land Use Plan" it had adopted in 1962. It was shown, however, that changing conditions had resulted in many departures from this overall plan since its adoption, particularly in the area here involved. Though the 1962 Interim Plan had recommended residential use, the appropriateness of commercial development along the Versailles Road had since become apparent, and it is not contended that the Commission was bound to follow the earlier plan.

■ The final argument is that the zoning change was not "in aid of the common good". It is urged that there is already sufficient commercial and "high density" residential development in the area to satisfy the public need. This of course is the very question the Commission is authorized to decide. There was ample evidence to support its conclusion that the general welfare would be served by rezoning this tract as proposed and adopted. The presumption is that the Commission acted reasonably and properly. Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018. Appellant failed to make any showing that the Commission acted unreasonably and arbitrarily. See American Beauty Homes Corp. v. Louisville, etc., Ky., 379 S.W.2d 450.

The judgment is affirmed.

All concur.