Donald L. **GORE**, as next friend of his infant children, Beth L. Gore, Debra L. Gore and Kathy A. Gore, Donald L. Gore, Individually, and his wife, Lucille E. Gore, Plaintiffs,

v.

Delano B. **DEBARYSHE**, Defendant.

No. 1243.

United States District Court
W. D. Kentucky.
Bowling Green Division.

Jan. 5, 1968.

James R. Cripe, Nowlan, Mouat, Lovejoy, McGuire & Wood, Janesville, Wis., J. David Francis, Whayne C. Priest, Jr., Bowling Green, Ky., for plaintiffs.

Harlin, Parker, Ricketts, Lucas & English, James H. Lucas, Bowling Green, Ky., for defendant.

## OPINION

SWINFORD, District Judge.

This action is brought by the plaintiffs, Donald L. Gore and Lucille E. Gore, in their own right and by Donald L. Gore as next friend of his infant children, Beth L. Gore, Debra L. Gore and Kathy A. Gore. The plaintiffs are citizens of the State of Wisconsin and the defendant, Delano B. Bebaryshe, is a citizen of the State of Alabama. The cause of action arose out of an automobile accident which occurred in this district in Kentucky on November 24, 1965.

The record is before the court on the defendant's motion to dismiss the complaint on the following grounds:

First, the plaintiff, Donald L. Gore, lacks capacity to sue as next friend for his infant children since it appears from the complaint that he is a resident of Wisconsin. Under Section 387.300 of the Kentucky Revised Statutes, no nonresident of Kentucky can sue as next friend. As to the infant plaintiffs, the action will be dismissed unless a proper amendment is filed within the time prescribed by order this day entered.

Second, that the action is barred by the Kentucky statute of limitation. KRS 413.140. The complaint was filed on November 22, 1967 and alleges that the automobile accident, out of which the damage to the plaintiffs was caused by the negligence of the defendant in the operation of his automobile, occurred on November 24, 1965. The motion on this point is well taken and will be sustained unless the plaintiffs amend their complaint as directed by this opinion and within the time prescribed by order.

In diversity cases, the law of the state in which a federal court sits must be followed with respect to the statute of limitations. Atkins v. Schmutz Manufacturing Co., 6 Cir., 372 F.2d 762. If the statute of limitations in the foreign state is for a longer time than the statute in this state, then the law in Kentucky will prevail. Seat v. Eastern Greyhound Lines, Inc., Ky., 389 S.W.2d 908.

The plaintiffs contend that the particular facts in the case at bar bring it within the rule laid down by the Kentucky Court of Appeals in Wessling v. Paris, 417 S.W.2d 259, reaffirmed in the recent decision of Story v. Burgess, 420 S.W.2d 548. The Court modified the former rule expressed in Seat v. Eastern Greyhound Lines, Inc., supra, and now holds as the law in this state that in an action for personal injury the law of the state where the injury occurred determines the rights of the parties, unless some other state has a more significant relationship with the occurrence and the parties as to the particular issue involved, in which event the local law of the latter state will govern.

The complaint fails to state any peculiar circumstances which would take this case out of the general rule as expressed in Seat v. Eastern Greyhound Lines, Inc., supra, and should, therefore, be dismissed, unless, as I have heretofore suggested, the complaint can be successfully amended. To give the law stability and substance, statutes of limitation should be narrowly construed. In my opinion, exceptions should be by statute instead of by judicial fiat. Certainly it cannot be asking too much of litigants to plead facts that bring them clearly within the exception.

Under the Kentucky Civil Rules, a complaint will not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff will not be entitled to relief under any state of facts that can be proved in support of his claim. Pierson Trapp Company v. Peak, Ky., 340 S.W.2d 456.

Third, the defendant asserts that the complaint should be dismissed for failure to state a claim upon which relief can be granted. Aside from the questions heretofore pointed out, the plaintiffs' allegations of negligence are sufficient to state a claim for relief. Pierson Trapp Company v. Peak, supra.

An order in conformity with this opinion is this day entered.