Wilbur H. Seil and Everette E. Seil, Plaintiffs-Appellees, v. Board of Supervisors of Will County, Illinois, Roy F. Hassert, Chairman, and Clara Hartley Woodard, County Clerk of Will County, Illinois, Defendants-Appellees, and Anton Grate and Helen Grate, and Village of Shorewood, Intervenor Defendants-Appellants.

Gen. No. 67–43.

Third District.

March 6, 1968.

Galowich & Galowich, of Joliet, for appellants.

Block, Levy & Becker, of Chicago, for appellees.

ALLOY, P. J.

Plaintiffs, Wilbur H. Seil and Everette E. Seil, brought an action for declaratory judgment to determine whether certain amendments to the Will County Zoning Ordinance contained restrictions upon the use of the property described in the amendments. By leave of court, intervening defendants, Anton Grate and Helen Grate and the Village of Shorewood, filed answers and affirmative defenses to the complaint. Objections to such intervention were overruled and the plaintiffs' motion to strike the petitions to intervene was denied. The original defendants, Board of Supervisors of Will County and others, then filed a motion to dismiss plaintiffs' complaint for declaratory judgment. Such motion by the original defendants was allowed and the complaint of plaintiff was dismissed and, also, without any motion, oral or written by any party, the intervening petitions and answers of intervening defendants herein referred to were also dismissed. This appeal is taken from the order dismissing intervening defendants' petitions and answers with the affirmative defenses referred to.

Plaintiffs were the owners of real estate in Will County which was classified in 1947 under the Will County Zoning Ordinance as "F" (Farming). On August 26, 1963, this area was reclassified from an "F" to an "L–1" (Light Industry) district. Such amending Zoning Ordinance contained the recital:

> "excepting that part of the above described property dedicated as roadways for public use and subject to any easements for transmission lines by and for the use of public utilities."

3

Thereafter, on April 27, 1966, there was another ordinance passed again rezoning the property from "F" to "I–1" and the second zoning ordinance excepted two acres in the northeast corner of the tract. This 1966 amendment also contained the following language:

> "subject to the same restrictions as established at the previous rezoning of this tract."

On May 31, 1966, plaintiffs filed their complaint for declaratory judgment setting out both the 1963 and the 1966 amendments to the Zoning Ordinance referred to and, also, alleging that there were representations made to the plaintiffs that there were other use and occupancy restrictions affecting their use of the property other than those in the 1947 Zoning Ordinance with the "I–1" property. The complaint alleged that there was an actual controversy between plaintiffs and the defendant, Board of Supervisors and the County Clerk of Will County, as to the existence of other use and occupancy restrictions affecting the premises. Plaintiffs requested a judgment declaring that their property could be used for any use under the "I–1" classification of the 1947 Will County Zoning Ordinance and, also, requested injunctive relief as against defendants to prevent them from maintaining any action which would prohibit plaintiffs from using their property for any "I–1" use.

The intervenors, Anton Grate and Helen Grate, alleged in their petition for intervention that they owned property adjacent to plaintiffs' property which they were developing for homes. They also alleged that if plaintiffs' property was classified as "I–1" it would curtail the right to enjoy and develop the property of intervenor. They also alleged that the development of the property of intervenors, Grate, was in expectation that plaintiffs' property would be developed under an "F" classification. The Village of Shorewood, in its petition to intervene, asserted that the property was within one and

4

a half miles of the Village limits of Shorewood and that the Village was interested in the orderly development of the area. It was also alleged in such petition that prior to rezoning the land, plaintiffs represented that there would be restrictions placed on the land as to the use of the land by plaintiffs and their successors in title, and because of this, the Village did not object to the rezoning. The Village contended that plaintiffs were now seeking an unrestricted right to use their land for any "I–1" use (Light Industrial) contrary to their representations to the officials of the Village of Shorewood. All intervenors asserted that to allow rezoning to stand without the restrictions limiting the use of plaintiffs' premises, would defeat the purpose intended by the Board of Supervisors. Both the Grates and the Village of Shorewood were permitted to intervene by the trial court and each party filed an answer and affirmative defense.

In answer to the plaintiffs' allegations, the intervenors alleged that they specifically denied each and all the allegations of plaintiffs' complaint and alleged to the contrary that the form and substance of the acts of the Board of Supervisors were invalid and of no effect, in that they purported to establish restrictions to a zoning amendment contrary to the provisions of chapter 34, Illinois Revised Statutes. They also alleged "that there were other and additional restrictions imposed as a condition to reclassifying the said premises; and that the said additional restrictions were intended by the Board of Supervisors to modify said reclassification of said premises, and, as a result, the amendatory ordinances of August 26, 1963, and April 27, 1966, are void in their entirety and of no legal effect." They also alleged that plaintiffs had not exhausted their administrative remedies because they had not appealed the decision of the zoning enforcement officer or applied to the zoning board for interpretation of the ordinance as provided in the ordinance. As an alternative defense, the intervenors also set forth

5

that the Board of Supervisors could not amend an existing ordinance reclassifying property with an amendment which was subject to restrictions; and contended that only through the medium of a variance could any such restrictions be used and, thus, that the attempt by the supervisors to attach such restrictions to the amendment rendered the entire amendment void. It was also alleged that to allow the reclassification to stand without the restrictions would defeat the purposes intended by the Board of Supervisors. The intervenors, therefore, requested that the court strike the 1963 and 1966 amendments and declare them void and declare the plaintiffs' property was zoned "F." The Village of Shorewood also set up as an affirmative defense that representations made by plaintiffs as to restrictions which they were going to place on the land caused the Village not to oppose the reclassification, and the Village likewise asserted, in such affirmative defense, that if it had opposed such reclassification it would not have been granted.

Plaintiffs moved to strike the petition for intervention on the ground that the answers were mere conclusions that did not allege the facts. After the trial court heard the objections it denied the motion and allowed the intervention as indicated.

After the intervenors Grates and the Village of Shorewood were allowed to intervene and file their answers and affirmative defenses, the Board of Supervisors moved to dismiss plaintiffs' complaint setting forth that the property of plaintiffs was reclassified "I-1" on April 27, 1966, with the exclusions noted, and that no additional restrictions were attached to the premises which were not a part of the Will County Zoning Ordinance, and that, therefore, plaintiffs already had what they were requesting and, therefore, no controversy existed and the declaratory judgment action should be dismissed. Following such motion, the trial court entered an order as follows:

"Plaintiffs' cause of action is dismissed at plaintiffs' costs. Intervening petitions and answers of all intervenors be and the same are dismissed."

The intervenors Grates and the Village of Shorewood have appealed the dismissal of the action as to them and assert in this court that the trial court erred in dismissing (apparently on its own motion) intervenors' petitions and answers generally entitled "affirmative defenses and alternative defenses" which requested affirmative relief for the intervening defendants independent of plaintiffs' complaint. They assert that their intervening petitions and answers requesting affirmative relief should be allowed to stand and should be heard on the merits.

■■ The basic question in the case before us is whether the intervenors, by their answers and affirmative and alternative defenses, established an actual controversy. An actual controversy is requisite under the statute and to vest the court with jurisdiction to enter an order in a declaratory judgment action (1965 Ill Rev Stats, c 110, § 57.1; People v. Reinhardt, 51 Ill App2d 110, 201 NE2d 4). If an actual controversy was established by the intervenors' pleadings, then the mere fact that the trial judge dismissed the complaint of plaintiffs, did not require that the intervenors' affirmative defenses and alternative defenses filed with their answer should also be summarily dismissed. Whether the trial judge dismissed the petitions and answers simply because he had dismissed plaintiffs' petition, or whether, as defendants contend, the trial judge dismissed the intervenors' actions because he felt there was no actual controversy, is not significant. On appeal, we must test the action of the trial court on the basis of whether or not the answers and affirmative and alternative defenses establish an actual controversy.

■■ The simple fact that the trial court properly dismissed plaintiffs' action, does not require dismissal of the action of the intervenors (Gage v. Cameron, 212 Ill

7

146, 72 NE 204). In the Gage case, the court indicated that an intervenor has the right to claim the benefit of the original suit and to prosecute it to judgment. The right cannot be defeated by dismissal of the suit by the plaintiff after the filing of the petition and notice thereof to other parties. A person who has an interest in the subject matter of the action who is a necessary party has the right, on his own motion, to intervene and become a party to the suit, and, even after the complaint has been dismissed, may proceed to have any actual controversy established by the pleadings determined in such action. The intervenors may oppose both parties in such action (Strader v. Board of Education of Community Unit School Dist. No. 1 of Coles County, Ill., 351 Ill App 438, 115 NE2d 539). Such intervenor may also have all the rights of the original party (1965 Ill Rev Stats, c 110, § 26).

Defendants contend on the basis of cases such as City of Springfield v. Kable, 306 Ill App 616, 29 NE2d 675, that no controversy was in fact established. The sufficiency of an answer, which was merely a general denial of all matters set forth in the bill of complaint, was involved in that case, and the trial court dismissed the action on the pleadings. In the case before us, notably in the affirmative defenses, facts were alleged which were not simple conclusions of the type pleaded in Springfield v. Kable, supra. In Macaulay v. Jones, 295 Ill 614, 129 NE 520, which was also cited by plaintiffs in support of plaintiffs' position, an answer admitted execution of an instrument but only denied in general terms that it was in conformity with the law. The answer did not specify wherein the instrument failed to conform to the law or was defective. Such case is, therefore, not a precedent as to the issue before us. Here we have specific allegations relating to the nature of the action of the Board of Supervisors including the fact that restrictions were to be applicable to the property of plaintiffs.

8

The courts of this state have clearly indicated that the purpose of allowing intervention in a case is "to expedite litigation by disposing of the entire controversy among the persons involved in one action, so as to prevent a multiplicity of actions" (Baker v. Baker, 6 Ill App2d 557, 128 NE2d 616; Strader v. Board of Education of Community Unit School Dist. No. 1 of Coles County, Ill., 351 Ill App 438, 115 NE2d 539). In the cause before us, the answer and affirmative defenses of the intervenors, specifically request a determination of the validity of the amending zoning ordinances based upon facts alleged relating to representations made in connection with such amendments by plaintiffs. If the action of the trial court in dismissing the intervening petitions were approved, intervenors would be required to institute a separate action on such issues. The trial court could well dispose of these issues while it has before it all of the parties involved in the declaratory judgment action. We express no opinion on such issues in absence of evidence which would be required to determine whether intervenors' contentions have any basis in fact or law.

While some of the matters set forth in the answers consist of conclusions, by the specific denial of certain allegations of plaintiffs' complaint and the affirmative defenses which were set forth by intervenors as outlined in this opinion, intervenors did, in fact, establish an actual controversy of record. We, therefore, conclude that the trial court was in error in not concluding that the intervening answers and affirmative and alternative defenses set forth provable facts to establish the existence of an actual controversy between the intervening defendants and other parties in the action.

There is also a contention on the part of plaintiffs-appellees, that the appeal should be dismissed by reason of the fact that the record on appeal was not filed until 63 days after the filing of the notice of appeal.

In the case before us, the intervenors obtained an extension of time within which to file the report of proceedings and the report of proceedings was filed within that extended time. The record on appeal was filed within the proper time after the report of proceedings was filed. Defendants contend that the report of proceedings was not necessary in this case and, therefore, that the extension of time allowed for filing of such report of proceedings should not be used to allow time to be extended for filing of the record on appeal. They rely on the case of Wise v. Civil Service Commission of Chicago, 50 Ill App2d 338, 200 NE2d 521. The Wise case involved an appeal from an administrative body to the Circuit Court and, on appeal, the reviewing court, was required to look only to the report and proceedings of the administrative body rather than those of the Circuit Court. In the action before us, the report of proceedings might have been significant in that it would contain information as to whether any procedure (such as an oral motion) was undertaken attacking intervenors' pleadings, and, also, might contain some of the reasons which the trial court judge would assign for the dismissal of intervenors' petition. Since the report of proceedings could consist of all matters upon which rulings might be made (Husted v. Thompson-Hayward Chemical Co., 62 Ill App2d 287, 210 NE2d 614) there would be no justification for dismissing an appeal which is filed within proper time under the rules following an extension of time for the filing of the report of proceedings.

The order of the Circuit Court of Will County dismissing the petitions and answers of the intervening defendants, Anton Grate and Helen Grate and Village of Shorewood, will, therefore, be reversed and this cause will be remanded to said court for a hearing on issues raised

in such intervening petitions and answers in accordance with the views expressed in this opinion.

Reversed and remanded.

STOUDER and CULBERTSON, JJ., concur.