**Dinwiddie LAMPTON, Jr., Appellant,**

**v.**

**FISCAL COURT OF OLDHAM COUNTY
et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1974.

Rehearing Denied May 10, 1974.

Gerald Kirven, Middleton, Reutlinger & Baird, Louisville, for appellant.

James W. Pike, Thomas F. Manby, Jr., LaGrange, for appellees.

CATINNA, Commissioner.

Dinwiddie Lampton, Jr., filed a proceeding in the Oldham Circuit Court alleging that the Oldham Fiscal Court, the Planning and Zoning Commission, Patrick Calhoun, Jr., and the Lantz Company had, in effecting a change in zoning on property adjoining Lampton's, acted in an unreasonable, capricious, and arbitrary manner.

Calhoun and Lantz Company moved that the complaint be dismissed because Lampton had failed to perfect his appeal from the order of the fiscal court as was required by CR 72.01, in that he had not filed a certified copy of the order or executed a bond.

Lampton, by response, stated that the proceeding was not an appeal but a direct attack upon the order of the court.

The trial court dismissed the complaint upon the ground that Lampton had failed to comply with the mandatory provisions of CR 72.01 in perfecting an appeal. This court has consistently recognized that a direct attack for unreasonableness or arbitrary actions was available in zoning proceedings to the party aggrieved. Johnson v. Lagrew, Ky., 447 S.W.2d 98 (1969). Cf. Pierson Trapp Company v. Peak, Ky., 340 S.W.2d 456 (1960). It was error on

the part of the trial court to dismiss Lampton's complaint.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.