**William N. WARD et al., etc., Appellants,**

v.

**Julian W. KNIPPENBERG et al., etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1967.

Elwood Rosenbaum, Rosenbaum & Sullivan, Lexington, for appellants.

Donald P. Moloney, Moloney & Moloney, Robert P. Stephens, Asst. County Atty., Lexington, for appellees.

CLAY, Commissioner.

This proceeding, in form seeking a declaration of rights and injunctive relief, is an attack upon a rezoning classification adopted by the Fayette County Fiscal Court. The plan was upheld by the Chancellor. Neighboring property owners appeal.

Appellant contends the Zoning Commission and the Fayette County Fiscal Court acted in excess of their statutorily granted powers and there was insufficient evidence to support the zoning change. For the scope of judicial review of administrative action in this field, attention is directed to Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018, and American Beauty Homes Corp. v. Louisville, Etc., Ky., 379 S.W.2d 450. While the contention is made that the zoning authorities acted in excess of powers granted by the legislature, there is no such showing in this case except to the extent that arbitrary action may be said to violate this principle.

The zoning change converted approximately 12 acres in the Stonewall Subdivision on Clays Mill Road from a Suburban 1 classification to R–1 and R–2 (duplex apartment) classifications, and approximately 10 acres from Suburban 1 to B–1. The latter classification authorizes a neighborhood shopping center, and it is this potential use to which appellants principally object.

In 1958 William K. Stoll purchased a 269–acre farm (to which additional acreage was later added) on the west side of Clays Mill Road in Fayette County. This land was purchased for the specific purpose of developing a residential subdivision, which would include a neighborhood shopping center and multiple-unit (apartment) dwellings. It was extensively so advertised. At

that time there was in existence a land use plan (known as the Sego Plan) utilized by the Fayette County Planning and Zoning Commission (hereafter "Commission") as an overall zoning scheme for Fayette County. This plan specifically reserved an area for a shopping center at the place now in controversy. Subsequently, in 1962, the Commission adopted a revised land use plan. Here again an area was reserved for a shopping center, but the proposed location in the Stonewall Subdivision was shifted farther into the interior. There can be no question that for several years the zoning authorities of Fayette County had planned a shopping center use in this subdivision area. It was part of a coordinated design to promote proper zoning objectives. See Hodge v. Luckett, Ky., 357 S.W.2d 303.

When the property was bought in 1958, it was zoned Agriculture 1. In 1959 an application was made to rezone the Stonewall Subdivision area from Agriculture 1 to Suburban 1, and at the same time an application was made to rezone a part of it for a shopping center and multiple-unit dwellings. Due to certain complications the Commission postponed action upon the shopping center and the apartment reclassifications, but the whole area was zoned Suburban 1. In 1964 the application for the shopping center and apartment classifications was renewed. After a hearing the Commission approved the application and the requested zoning was adopted by the Fayette County Fiscal Court in 1965. Due to a procedural defect, the rezoning was invalidated by the Fayette Circuit Court. Thereafter, in 1966, the application was again renewed and the rezoning plan in controversy was adopted.

In the face of this history of consistent planning by the subdividers and the Commission, and in the light of the careful consideration given to this plan by professional staffs, different Commissions, and different fiscal courts, it is difficult to understand appellants' contention that the rezoning classification was illegal or arbitrary. The principal argument seems to be that the present location of the shopping center is not in the precise location shown on the 1962 land use plan and that it is unnecessarily close to another shopping center on the opposite side of Clays Mill Road in another subdivision.

■ With respect to the first proposition, it seems clear that a zoning agency is not bound to follow every detail of a land use plan. As we understand it, such a plan is simply a basic scheme generally outlining planning and zoning objectives in an extensive area. It is in no sense a final plan and is continually subject to modification in the light of actual land use development. It serves as a guide rather than a strait-jacket. In fact the Commission recommended, and the Fiscal Court adopted, the shopping center location in exactly the same spot where it was shown on the 1957 land use plan. We know of no reason why the Commission could not, in the light of the latest developments, decide which of two different locations in the same subdivision area would best serve immediate requirements.

■ The argument that there is another shopping center 1500 feet away is not in itself sufficient to indicate arbitrary action. There was evidence the shopping center in controversy had been planned for, was needed, and was economically feasible at the location fixed. Whether a better location could have been found in this subdivision is a matter that addresses itself to the wisdom of the zoning authorities. We cannot substitute our judgment or that of the neighbors for theirs. It is the function of these authorities to make such determination. We find nothing in this record to suggest that the selection of this site (with a buffer zone of apartment buildings between the shopping center and the surrounding single family residences) was not based upon proper considerations or was in any sense arbitrary or unreasonable.

In conclusion it may be observed that over a substantial period of time three different planning staffs, two differently constituted zoning commissions, and two different fiscal courts have considered and approved of this zoning change. It is not "spot zoning" because it has always been a part of this subdivision plan. Appellants have failed to demonstrate that the zoning authorities acted illegally or arbitrarily.

The judgment is affirmed.

All concur.