Harold FALLON, Trustee, etc., Appellant,

v.

Leslie M. BAKER et al., etc., Appellees.

Court of Appeals of Kentucky.

June 5, 1970.

Stoll, Keenon & Park, Lexington, for appellant.

Arthur L. Brooks, Jr., Lexington, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment of the Fayette Circuit Court invalidating an ordinance of the City of Lexington which rezoned approximately 45 acres of appellant's property from a single-family residential use to a planned-shopping center use. Appellant is the owner of the subject property and the appellees are the owners of property in that neighborhood who claim they will be adversely affected if the rezoning of appellant's property for shopping center use is approved.

The trial court held that the findings made by the Lexington and Fayette County Planning and Zoning Commission, which served as the basis for the rezoning of appellant's property by the legislative body of the city, lacked evidentiary support to justify the zone change. Accordingly, a judgment was entered declaring that the action taken by the administrative and legislative bodies of the city in rezoning the property was arbitrary and that as a consequence thereof the ordinance effectu-

ating the rezoning of appellant's 45-acre tract was void.

Prior to considering the grounds for reversal of the judgment we review the pertinent events which predated the filing of the court proceedings. The property which is the subject of this controversy consists of approximately 45 acres of an 80-acre tract which is located on the southwest corner of the intersection of Harrodsburg Pike and Mason Headley Road and is presently located entirely within the City of Lexington. This property was originally zoned as an agricultural area and at that time a part of it was located within the city limits and a part of it was in the county. There are no buildings or structures on this land.

Shortly after 1952 the area in which the subject property is located was zoned for single-family residential use. During 1962 the planning authorities of the city-county zoning commission adopted an Interim Land Use Plan and in this plan the projected use of the property was not for shopping center purposes.

In 1964 appellant petitioned for a change of zone from single-family residential use to a business use, which would have permitted extensive commercial development. The application was considered by the planning and zoning commission but was denied and the rezoning of the property was not permitted.

On May 20, 1966 appellant again applied to the planning and zoning commission for a zone change of 20 acres of his tract from single-family residence use to a planned-shopping center use. No action was taken on this application.

In March 1967, and apparently as a result of the requirement of a 1966 Legislative Act,[1] the planning and zoning commission, after numerous public hearings and the expenditure of a considerable amount of public funds, adopted a Compre-

1. 1966 Acts of the General Assembly, House Bill 390, Chapter 172, pp. 708–739. Now KRS, Chapter 100.

hensive Land Use Plan [2] which proposed a general scheme for the future development of the community and provided that a proper projected use of appellant's property was for high density residences and certain business uses, such as professional offices. The Comprehensive Land Use Plan provided for the location of a planned-shopping center in addition to those already in existence to serve the suburban area of the community.

This new shopping center site, as recommended by the Comprehensive Land Use Plan, was to be permitted during the 1970's at a location either in the Nicholasville Pike area which is a considerable distance from the property involved in the instant case, or, in the Richmond Road vicinity, which is still farther from the subject property than the other recommended site.

During 1967 the John Shillito Company applied for permission to develop and construct a shopping center at a recommended Nicholasville Road area site and another company, Lakeview Estates, asked permission to develop a shopping center at a recommended Richmond Road area site. These companies' applications to construct shopping centers were generally in compliance with the use of locations designated in the recently adopted Comprehensive Land Use Plan. While these applications were pending appellant amended his application for a zone change so as to apply for a shopping center use for approximately 80 acres of his property, but later reduced the amount of acreage to be rezoned to approximately 45 acres.

Thereafter, the applications of Shillito and Lakeview Estates were denied by the planning and zoning commission, although these applications were in general conformity with the Comprehensive Land Use Plan. However, appellant's application for

a planned-shopping center use was approved notwithstanding the fact that such use was not in conformity with the Comprehensive Land Use Plan.

Later, the members of the planning and zoning commission scheduled a meeting, the expressed purpose of which was to state their reasons for the prior approval of appellant's zone change. By the time the planning and zoning commission actually transmitted its recommendation to the city commission for approval of the rezoning of appellant's property for a planned shopping center use, all of the affected property had been annexed to the City of Lexington.

The trial court filed a written opinion in this record which considered every facet of the case and observed that in American Beauty Homes Corp. v. Louisville, Ky., 379 S.W.2d 450 it was held that the scope of judicial review of zoning action taken by public bodies, both administrative and legislative, is limited to determining whether the action was arbitrary, which ordinarily involves these considerations: (1) whether the action under attack was in excess of the powers granted to the public bodies? (2) whether the parties were deprived of procedural due process by the public bodies? (3) whether there is a lack of evidentiary support for the findings of the public bodies?

The trial court specifically found that the record of the proceedings in this case which was submitted to the circuit court, including the planning and zoning commission's own records, contained no evidence that would support or justify the zoning change of appellant's property that the administrative and legislative bodies of the city had attempted to effectuate and, therefore, the action taken by these bodies was arbitrary and prohibited by Section 2 of the Constitution of Kentucky. To sup-

2. In Ward v. Knippenberg, Ky., 416 S.W. 2d 746, we held that a zoning agency is not required to follow every detail of the Comprehensive Land Use Plan but should consider such a plan as a basic scheme

generally outlining planning and zoning objectives in an extensive area. It should be considered as a guide rather than a straightjacket.

port the conclusion reached the trial court relied upon numerous authorities, including American Beauty Homes Corp. v. Louisville, Ky., supra; Central Kentucky Development Co. v. Bryan, Ky., 416 S.W.2d 743; Ward v. Knippenberg, Ky., 416 S.W.2d 746, and Vece, Sr. v. Zoning and Planning Commission of Town of West Haven, 148 Conn. 500, 172 A.2d 619. Further supporting that conclusion is our decision in Wells v. Fiscal Court of Jefferson County, Ky. (This day decided).

The parties on this appeal make different contentions as to which statute and which case law governs the instant case. However, in our opinion it is unnecessary to decide whether it is the Legislative Act of 1966 or the case law prior to the 1966 Act that governs because there is no evidence in the record to support the rezoning of appellant's property irrespective of which law applies.

We conclude, as did the trial court, that the administrative and legislative bodies of the city acted arbitrarily in rezoning appellant's property. For this reason the ordinance effectuating the zoning was void.

The judgment is affirmed.

All concur except REED, J., not sitting.