**Sharon MINTON, Roy Elwell, Edna El-well, and City of Hillview, a Municipal Corporation, Appellants,**

v.

**FISCAL COURT OF JEFFERSON COUNTY, Louisville and Jefferson County Planning Commission; Louisville Realty Company, Inc., R. Michael French, Alison A. Bernard, Douglas S. Smith, and Donald A. Smith, Appellees.**

No. 91–CA–1573–MR.

Court of Appeals of Kentucky.

Sept. 11, 1992.

Rehearing Denied Nov. 6, 1992.

Discretionary Review Denied by Supreme Court April 14, 1993.

Mark E. Edison, Shepherdsville, for appellants.

Frank W. Burke, Jr., Louisville, for appellees, Fiscal Court and Planning Commission.

Louisville Realty Co., Inc. pro se.

R. Michael French, pro se.

Alison A. Bernard, pro se.

Douglas S. Smith, pro se.

Donald A. Smith, pro se.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

HOWERTON, Judge.

The appellants challenge the rezoning of some 57 acres from single-family residential to multi-family residential and commercial near the southern boundary of Jefferson County. Having made a thorough review of the record, we affirm.

The Louisville and Jefferson County Planning Commission recommended and the Fiscal Court approved a zone change allowing development of what will be the sixth largest shopping center in Jefferson County ("Southgate"), consisting of a large department store, a grocery store, retail shops and outlets, office buildings, six restaurants, a bank, and a 284–unit apartment complex. The subject property is currently vacant, primarily agricultural, land which was zoned R–4, single-family residential.

In October 1989, the owners of the property, Alison Bernard, Douglas Smith, and Donald Smith, along with developer Michael French, sought a zone change to construct retail office space, restaurants, and a miniature golf course. This proposal was submitted to the Land Development and Transportation (LD & T) Committee. The Planning Commission held a public hearing on March 1, 1990. The plan was subsequently changed by the developer to eliminate the golf course and to construct a multi-unit apartment complex, shopping center, and restaurants. In fact, the plan was modified three times before the public hearing and once again after the hearing.

At the hearing, the plan was presented, as were studies conducted on market demand, demographics, traffic impact, air pollution, availability of utilities, and public services. Five people spoke in favor of the project and eighteen spoke against it. Petitions were circulated at the hearing, and 5 people who signed favored the project while 114 opposed it.

The Louisville and Jefferson County Planning Commission deferred any vote on the project on March 1. The LD & T Committee met on March 22 to consider yet another modified development plan. This Committee recommended to the Planning Commission that the project be approved. Thereafter, the Planning Commission voted to recommend to the Fiscal Court that the project be approved, with certain binding elements or requirements attached. The Fiscal Court approved the changes by passing Zoning Ordinance 20 Series 1990, on May 22, 1990. On appeal to the circuit court, the ordinance was upheld on May 30, 1991. This appeal followed.

The appellants, who are individual property owners residing in Jefferson County and the City of Hillview in adjoining Bullitt County, assert that the Planning Commission had no jurisdiction to entertain the

request for zone change. They further contend that it acted arbitrarily and capriciously in recommending the zone change, and failed to comply with statutes in its consideration of the proposed changes.

As noted, this case concerns the rezoning of acreage lying just north of the Bullitt County line bordered by Preston Highway on the east and Mud Lane on the south. The development calls for R–7, and C–1 and C–2 zoning. Because there are some poor drainage areas on the property and there have been problems in the past with creeks and drains overflowing, surrounding property owners are concerned about the impact the development will have on their property. There are also concerns about increased traffic through existing residential areas and on narrow country lanes, and increased air pollution from the traffic. Additionally, the existing sewage treatment plant, Treasure Island East, which services the area, has been cited for "excess sewage solids" in the recent past. The plant would have to double its capacity in order to handle the additional volume. The City of Hillview is primarily concerned about increased drainage and sewer problems if the development proceeds at this time.

■ The first issue concerns notice of the public hearing to adjoining and nearby property owners as set forth in KRS 100.-214(2). The appellants argue that notice by first-class mail is mandatory and jurisdictional, while the appellees say that, absent material prejudice, it is directory. KRS 100.214(2) requires the party seeking the zone change to furnish the names of various property owners to the Planning Commission. Records of the property valuation administrator may be relied on exclusively in compiling the list. Notice was sent to some but not all applicable property owners; legal notices were duly published in the appropriate newspapers, and signs were posted on the property regarding the proposed zone change and public hearing.

The appellants state that at least one first tier (adjoining) property owner, Caldwell and May Virginia Bischoff, and several second tier (directly across the street) owners were not notified by first-class mail. However, we note that none of these property owners have joined in this suit to challenge the zone change and, in fact, Larry Bischoff, executor of the estate of Caldwell Bischoff and a joint owner, attended the hearing and wrote the Planning Commission in support of the zone change.

The general rule is that notice requirements for hearings for zone changes are mandatory and jurisdictional. 1 R. Anderson, *American Law of Zoning* § 4.03 (3d ed. 1986); Annot., 38 A.L.R.3d 167 (1971); 82 Am.Jur.2d *Zoning and Planning* § 300 (1976) [hereinafter "*Zoning*"]. However, it is recognized that noncompliance with procedural requirements may be excusable or curable, such as when there has been actual notice and no material prejudice. *See* 82 Am.Jur.2d *Zoning* § 300; 38 A.L.R.3d at 195. Prior to enactment of KRS 100.182 in 1984, Kentucky adhered to the general rule that failure to abide by statutory notice requirements deprives a planning commission of authority to act and renders actions void *ab initio*. *Cf. Bowling Green–Warren County Airport Bd. v. Long,* Ky., 364 S.W.2d 167 (1962); *Creative Displays, Inc. v. City of Florence,* Ky., 602 S.W.2d 682 (1980). However, KRS 100.182 ameliorated the requirement of strict compliance to procedural provisions when certain safeguards are met. That statute provides in part:

All other provisions of this chapter to the contrary notwithstanding, no ... zoning regulation ... shall be invalidated in its entirety for failure to strictly comply with any procedural provision of this chapter or with the requirements of KRS Chapter 424 in making any publication required to be made under this chapter, unless a court finds that the failure to strictly comply with any procedural requirement results in material prejudice to the substantive rights of an adversely affected person and that such rights cannot be adequately secured by any remedy other than invalidating the ... zoning regulation ... in its entirety.

The cases which the appellants cite for strict construction of KRS Chapter 100 pre-

date the enactment of KRS 100.182 and thus they have been modified by the statute. *See Creative Displays, supra; Bowling Green, supra; Louisville and Jefferson Co. Planning and Zoning Com'n v. Ogden*, 307 Ky. 362, 210 S.W.2d 771 (1948). The appellants' argument that KRS 100.-182 is inapplicable to zoning changes is not well taken.

Other jurisdictions recognizing the general rule that procedural requirements are jurisdictional nevertheless have acknowledged that circumstances may not warrant invalidating the actions of the planning commission. 38 A.L.R.3d 167, and cases cited therein; 82 Am.Jur.2d *Zoning* § 300. Such circumstances include the fact that parties received actual notice of the hearing, participated in the hearing, or suffered no prejudice thereby. 82 Am.Jur.2d *Zoning* § 300.

In the present case, none of the appellants are among the classes of property owners entitled to receive notice of the hearing by first-class mail. Thus strict compliance with KRS 100.214(2) statute would have had no effect on any perceived rights of the appellants. Certainly, zone changes may have an adverse impact on property owners who are not within the ambit of the statutory notice requirements, but these people may learn of and participate in the public hearing by the posting of notices on the property, by legal advertisements required to be published in the local newspaper, and by word of mouth. The statute does not require more in regard to these interested persons.

Further, we fail to see how noncompliance with the notice requirements has materially prejudiced the appellants or those owners within the statute. Property owners covered by KRS 100.214(2) have not complained, and the appellants have actively participated at the hearing level and beyond. Thus we do not believe there has been material prejudice to the substantive rights of any adversely-affected person, and the trial court did not err in finding substantial compliance with the statutory notice requirements.

■ Next, the appellants contend the Planning Commission acted arbitrarily and capriciously and disregarded the comprehensive plan adopted in 1986. Several areas of concern were raised at the public hearing and in the appellants' brief to this Court. We have thoroughly reviewed the transcript of the hearing and the minutes of the Planning Commission's meeting on April 5, 1990, and we believe that possible violations of the guidelines to the comprehensive plan were adequately addressed. These include the problems of drainage and detention pools, expansion and improvement of the Treasure Island East Sewage Treatment Plant, traffic rerouting, air pollution control, and design and landscaping so as to make the development compatible with existing uses of neighboring land, availability of utility services, and provisions for pedestrian traffic and bus service.

■ This Court is not empowered to undertake a de novo review of the Planning Commission's actions, but may only determine whether the commission acted in excess of its statutorily-granted powers, whether procedural due process was afforded, and whether there was substantial evidence in the record to support the commission's findings and recommendations. *See American Beauty Homes Corp. v. Louisville and Jefferson Co. Planning and Zoning Com'n*, Ky., 379 S.W.2d 450, 456 (1964). If any one of these three elements is not met, the commission acted arbitrarily.

■ Here, the Planning Commission acted with the help of support staff who reviewed the development plan with an eye to whether it violated any guidelines; concerns were addressed and findings of fact were made in the Planning Commission's minutes for April 5, 1990. A public hearing was held with interested parties being duly notified and adequate time being provided for public input. The appellants make much of the fact that the public hearing is to be held on the plan which the LD & T Committee reviewed and, in fact, the Committee ultimately considered three different development plans, none of which was the exact plan presented at the public

hearing. The LD & T Committee reviewed two plans before the hearing and another plan amended after the public hearing. This final version considered by LD & T was in fact a less obtrusive plan with mitigation measures which reduced the impact of the proposal on surrounding areas. The Commission's policy provides that if there is an amended plan, the Planning Commission will defer its vote on the matter "to allow for adequate staff and public review of the new plan." There is no requirement that a new public hearing must be held any time there is a revision. Recommendation by the Planning Commission was in fact deferred until April 5.

The appellants also maintain that the proposed development relied on the Snyder Freeway Corridor Plan adopted in 1988, which was tantamount to an amendment of the comprehensive plan but was not approved in the manner in which modifications are required to be made. This corridor plan designated the area for mixed use. We note that the map which accompanies the 1986 comprehensive plan specifies that the "map is to be used ONLY in conjunction with, and as an interpretative aid to, the GUIDELINES. It is true that the map at core graphic 20 does not show a projected major shopping center in the area, but the map at core graphic 23 shows this property to be in the prime vacant land for development."

It has been recognized that a "zoning agency is not bound to follow every detail of a land use plan.... [The plan] is simply a basic scheme ... and continually subject to modification.... It serves as a guide rather than a strait-jacket." *Ward v. Knippenberg*, Ky., 416 S.W.2d 746, 748 (1967). In *Ward*, property was rezoned from agricultural to multi-family residential and commercial for duplex apartments and a neighborhood shopping center. *Id.* at 747. The fact that there was another shopping center 1,500 feet away did not dispose of the matter when there was evidence the planned center was needed and economically feasible. *Id.* at 748. Here there was evidence that, although Hillview Shopping Center was just across the county line in Bullitt County, there was a de-

mand for additional office and retail lease space in the area, and the population in northern Bullitt County was growing faster than anticipated and would benefit from a shopping/apartment complex. Having reviewed the transcript of the hearing and the minutes of the Planning Commission meeting, we cannot say the Planning Commission acted arbitrarily in its recommendation of a zone change to accommodate this development.

■ Finally, we address the issue of whether the Planning Commission complied with the statutory requirements of KRS 100.211 and .213. The appellants urge that the Planning Commission failed to set forth findings of fact as provided in KRS 100.211. We disagree. The minutes of the Planning Commission's meeting of April 5, 1990, are replete with findings and explanations showing compliance with the Planning Commission's guidelines. The minutes comprised some nine single-spaced pages setting forth facts and summarizing the evidence supporting the Commission's recommendations. There was certainly substantial evidence in the record to support the Planning Commission's recommendations. *City of Lancaster v. Trumbo*, Ky.App., 660 S.W.2d 954, 955 (1983).

■ The Planning Commission found that the proposed zone change was in conformance with all applicable guidelines of the comprehensive plan. There was therefore no need to make any findings concerning the inappropriateness of the existing zoning classification or whether there had been major economic, physical, or social changes which altered the basic character of the area and justified reclassification. *See* KRS 100.213(1)(a), (b). The alternative grounds for zone change are not applicable if the reclassification is in agreement with the comprehensive plan. The Planning Commission and trial court so found, and we cannot say there was error in finding statutory compliance.

■ The trial court and this Court are limited in our review of the actions of the Planning Commission. So long as the appellants were afforded procedural due pro-

cess and the Commission acted within its statutory powers and not arbitrarily, we are not empowered to conduct a *de novo* review, *Fiscal Court of Jefferson County v. Ogden,* Ky.App., 556 S.W.2d 899, 901 (1977), *overruled on other grounds Kaelin v. City of Louisville,* Ky., 643 S.W.2d 590, 592 (1982), or to substitute our judgment as to whether this development is necessary or is best for the surrounding area. Accordingly, we affirm the judgment of the trial court upholding the zone change.

All concur.