David TAYLOR and Paula
Taylor, Appellants,

v.

Joel DUKE; Imogene Duke; Joel's Con-
struction & Contracting, Inc.; Pamela
Johnson; Morgantown Planning and
Zoning Commission; Charles Mauzy;
Douglas Neighbors; Jodie Forgy; Jessie
J. Evans; Chester Renfrow; Tyler Peay;
and Billie C. Clark, Zoning Administra-
tor, Appellees.

No. 93–CA–002658–MR.

Court of Appeals of Kentucky.

April 14, 1995.

E.F. Martin, Jr., Hartford, for appellants.

Lanna M. Kilgore, J. Brent Travelsted,
Campbell, Kerrick & Grise, Bowling Green,
for appellees, Joel Duke, Imogene Duke; and
Joel's Const. & Contracting, Inc.

Harold D. Ricketts, Morgantown, for ap-
pellees, Morgantown Planning and Zoning
Com'n, Charles Mauzy, Douglas Neighbors,
Jodie Forgy, Jessie J. Evans, Chester Ren-
frow, Tyler Peay, and Billy C. Clark.

Pamela Johnson, no appearance.

Before HOWERTON, HUDDLESTON
and JOHNSON, JJ.

HUDDLESTON, Judge.

Butler Circuit Court dismissed as untimely
filed David and Paula Taylor's complaint
challenging the approval by the Morgantown
Planning and Zoning Commission of the divi-
sion of Pamela Johnson's property into two
building lots smaller than permitted by the
City's zoning ordinance. The complaint also
challenged the granting by the City's zoning
administrator of a permit allowing construc-
tion of a house on one of the two lots. The
Taylors appeal seeking reinstatement of their
lawsuit.

The Taylors own a lot, upon which their
home is located, adjacent to property former-
ly owned by Pamela Johnson. In September
1992, the Morgantown Planning and Zoning
Commission granted Johnson's request that
her property be divided into two lots. After
the division, each lot contained 6,048 square
feet, some 1,952 square feet less than permit-

ted by the city's zoning ordinance.[1] To obtain approval for the division of her property into two lots, Johnson simply presented a subdivision plat to the Commission during the meeting at which it was approved. Johnson did not submit the plat to the Commission ten days before the meeting as required by the local zoning ordinance. Because of that omission, the Commission did not provide notice of the hearing concerning the proposed subdivision to adjacent land owners, including the Taylors. The failure to provide such notice violated the zoning ordinance's requirement that not less than five days before the hearing scheduled to consider a request to subdivide, "notice shall be mailed to the owners of the land immediately adjoining the area proposed to be platted as shown on the proposed subdivision."

After the subdivision was approved, Johnson conveyed both lots to Joel and Imogene Duke. The Dukes obtained permits from the zoning administrator to build homes on the two lots. The first building permit was obtained on November 30, 1992, just after they had purchased the property, and the other on April 20, 1993. A house was constructed on one of the lots without incident, but when the Taylors realized that a second house was being built on property adjacent to theirs, they contacted an attorney. On May 18, 1993, the Taylors' attorney sent a letter to the Dukes informing them that the construction of a home on the second lot was in violation of the local zoning ordinance and regulations. A second letter containing a similar complaint was sent by the Taylors' attorney on June 10, 1993. When construction continued, the Taylors filed suit[2] in Butler Circuit Court seeking injunctive relief to prevent construction of the house from proceeding.

Citing Ky.Rev.Stat. (KRS) 100.347, the circuit court dismissed the Taylors' complaint because of their failure to appeal the Commission's subdivision approval or the zoning administrator's grant of a building permit within thirty days after the Commission and the zoning administrator acted. The statute relied on by the circuit court, headed "Appeal from board of adjustment, planning commission or legislative body action—Final action defined," provides, in pertinent part, that:

(2) Any person or entity claiming to be injured or aggrieved by any final action of the planning commission shall appeal from the final action to the Circuit Court of the county in which the property, which is the subject of the commission's action, lies. Such appeal shall be taken within thirty (30) days after such action. Such action shall not include the commission's recommendations made to other governmental bodies. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review.

\* \* \* \* \* \*

(5) For purposes of this chapter, final action shall be deemed to have occurred on the calendar date when the vote is taken to approve or disapprove the matter pending before the body.

A second relevant statute, KRS 100.261, provides for an administrative appeal to the board of adjustment from the granting of a building permit by a zoning enforcement officer within thirty days after he acts. Upon conclusion of the administrative appeal, the aggrieved party has another thirty days to appeal to circuit court.

Admittedly, the Taylors did not appeal to the circuit court within thirty days after the Commission authorized a division of the Johnson property. Neither did they file an administrative appeal from the zoning officer's decision to grant a building permit for the second of the two lots purchased by the Dukes from Johnson. The Taylors, however, insist that the circuit court misinterpreted KRS 100.347, and that its time limit has not begun to run. Because the Commission violated the zoning ordinance's notice requirements and subdivision restrictions, they say,

---

1. Section 4.045 of the Morgantown zoning ordinance requires lots zoned R–3 to contain not less than 8,000 square feet. Interestingly, the Taylors' lot contains but 4,500 square feet. Presumably, their home was built on the lot prior to the effective date of the Morgantown zoning ordinance.

2. The Taylors' complaint was filed on July 23, 1993.

its action in approving the division of the Johnson property into two lots is not final under KRS 100.347(5).

In *Minton v. Fiscal Court of Jefferson County*, Ky.App., 850 S.W.2d 52 (1992), this Court faced a similar claim of inadequate notice of a zoning hearing. Several persons opposed to a rezoning asserted, among other things, that the zoning commission had failed to comply with statutory notice requirements before considering a zoning change. The statute invoked, KRS 100.214(2), requires notice by first-class mail to various property owners when a hearing is to be held to consider a proposed zoning change. While some affected property owners did not receive notice of the hearing by mail, legal notices were printed in newspapers and signs advising of the hearing were posted on the property.

The objecting property owners argued, and this Court agreed, that notice requirements for hearings for zone changes are generally viewed as mandatory and jurisdictional. Nevertheless, the Court said, "noncompliance with procedural requirements may be excusable or curable, such as when there has been actual notice and no material prejudice." *Id.* at 54 (Citations omitted). The Court went on to say that prior to the enactment of KRS 100.182 in 1984, failure to abide by statutory notice requirements deprived a planning commission of authority to act and rendered its actions void *ab initio.* With the passage of KRS 100.182, the failure of a planning and zoning commission to strictly comply with the procedural provisions of the zoning statutes no longer voids its actions. That statute provides that:

> All other provisions of this chapter to the contrary notwithstanding, no comprehensive plan, land use or zoning regulation, subdivision regulation, public improvements program, or official map regulation shall be invalidated in its entirety for failure to strictly comply with any procedural provision of this chapter or with the requirements of KRS Chapter 424 in making any publication required to be made under this chapter, unless a court finds that the failure to strictly comply with any procedural requirement results in material prejudice to the substantive rights of an adversely affected person and that such rights cannot be adequately secured by any remedy other than invalidating the comprehensive plan, land use or zoning regulation, subdivision regulation, public improvements program, or official map regulation in its entirety.

Applying the statute, the Court held that the objecting landowners had not been materially prejudiced by noncompliance with the notice requirements because they had "actively participated at the hearing level and beyond." 850 S.W.2d at 55.

■ According to the Morgantown zoning ordinance, the Taylors are property owners entitled to notice via first-class mail of a hearing to consider a request to subdivide property adjacent to theirs. No notice was given and, in fact, no hearing in which they could have participated was held. Still, the action of the Commission in approving the subdivision of Johnson's property is not void if the Taylors had actual notice that the Commission intended to act on Johnson's application and an opportunity to participate in a hearing on the application. Here, if the allegations of the complaint are to be believed, they had no notice at all of the Commission's intended action. They only learned that the Commission had acted when construction began on the second of the Dukes' two lots.

The circuit court primarily relied on *Burns v. Peavler,* Ky.App., 721 S.W.2d 715 (1986), to support its decision that the Taylors' circuit court challenge to the issuance of a building permit for the second of the Dukes' lots came too late. In *Burns,* a property owner sued challenging the issuance of building permits by a county planning and zoning commission for erection of multifamily dwellings on a tract of land zoned for single or double occupancy. This Court held that the property owner, by failing to timely appeal to the board of adjustment, was precluded from filing suit in circuit court. The Court observed that:

> An appealing party [is] given thirty (30) days from the date of notice of the determination of the enforcement officer in which to file an appeal with the board of

adjustment. KRS 100.261. If the appeal to the board of adjustment [is] unsuccessful, the statutes provide[ ] a further appeal to circuit court from *final actions* of the board. KRS 100.347. Again, the moving party is required to file his action within thirty (30) days. (Original emphasis.)

*Id.* at 717. Significantly for this case, the Court concluded by saying that:

> As pointed out previously, it is not seriously doubted that the initial position of the enforcement officer was incorrect. In any event, *it was incumbent upon Burns to appeal to the Board of Adjustment within 30 days from first learning of the [hearing] officer's decision.* (Emphasis supplied.)

*Id.* at 718.

■ This Court has often emphasized that one seeking review of administrative decisions must strictly follow the applicable procedures. *Id.* at 717; *Musser v. Leon Coal Processing Co.*, Ky.App., 560 S.W.2d 833 (1978). Since an appeal from an administrative decision is a matter of legislative grace and not a right, the failure to follow the statutory guidelines for an appeal is fatal. The cases interpreting KRS 100.347 are clear that aggrieved parties must bring their grievances to the appropriate appeals panel, administrative or judicial, in a timely fashion.

■ It is true that the Taylors had no prior notice that the Commission was to consider approving the subdivision of Johnson's property at one of its meetings and no concurrent knowledge that the Commission had acted. But it is equally true that they did have knowledge that the property had been subdivided and that a building permit authorizing construction of the second of two houses on the property had been granted not later than May 18, 1993. It will be remembered that it was on that date that their attorney first wrote to Joel Duke protesting that the construction then in progress violated the Morgantown zoning ordinance and regulations. Although the Taylors may not have been able to appeal from the Commission's "final action" within thirty days following the Johnson's subdivision approval or within thirty days of the zoning administrator's grant of a building permit, there was no

impediment to an appeal after they learned of the Commission's action and of the zoning administrator's grant of a permit. Since they did not appeal within thirty days after they first learned of the decisions, their present action comes to late. *Burns v. Peavler, supra.*

In these circumstances, we have no choice but to affirm the judgment dismissing the Taylors' complaint.

All concur.