David B. ALLEN;  Donna J. Allen;
James Keogh;  and Anne
Keogh, Appellants,

v.

WOODFORD   COUNTY   BOARD   OF
ADJUSTMENTS;  (Members Sam Do-
zier, Bill Goodman;  David Prewitt;
Frank   Stark;   and   Tim   Turney;
Named  in their  Official  Capacities
Only);   Patricia   Wilson,   Woodford
County    Planning    Director;    and
Thomas R. Post, Appellees.

No.  2006–CA–000603–MR.

Court of Appeals of Kentucky.

June 29, 2007.

As Modified July 13, 2007.

David B. Allen, Versailles, KY, for Appellants.

Timothy C. Butler, Bardstown, KY, for Appellee, Woodford County Board of Adjustments.

Shelby C. Kinkead, Jr. Lexington, KY, for Appellee Thomas R. Post.

Before ACREE, DIXON, AND KELLER, JUDGES.

## OPINION

ACREE, JUDGE.

David B. Allen, Donna J. Allen, James Keogh, and Anne Keogh appeal from a Woodford Circuit Court judgment affirming the Versailles–Midway–Woodford County Planning and Zoning Board of Adjustment's (Board) grant of Thomas R. Post's application for a conditional use permit. We affirm.

Post's property at 230 Pisgah Pike, Woodford County, Kentucky, is zoned Agricultural (A–1).[1] On February 14, 2005, Post filed an application with the Board seeking a conditional use permit to allow a "tourist home" on the property. When Post filed the application, there was an unfinished structure under construction on the property.

The Board's Zoning Compliance Officer, Patricia Wilson, initially reviews such applications as part of her duties in assisting the Board with its decision-making. Specifically, she assists the Board by providing definitions of technical and non-technical terms as needed. While "tourist home" is a recognized conditional use, the ordinance did not include a definition of that term. Pursuant to authority granted her by Kentucky Revised Statute (KRS) 100.261 and Section 402 of the Versailles–Midway–Woodford County Zoning Ordinance, Wilson supplied that definition by reference to one of the standard reference works in the Board's library.[2] The definition stated that a tourist home is "[a]n establishment in a private dwelling that supplies temporary accommodations to overnight guests for a fee. See Bed and Breakfast."

On May 2, 2005, the Board issued its decision granting the permit. A conditional use permit, as the name indicates, imposes upon the successful applicant various conditions. The Board's decision appropriately notes that a "tourist home is limited by the zoning regulations to property located on a state or federal highway"[3] thereby distinguishing it from other conditional uses. Furthermore, the grant of the appli-

1. This zone is established to preserve the rural character of the agricultural service area by promoting agriculture and related uses, and by discouraging all forms of urban development except for a limited amount of conditional uses.

2. Harvey S. Moskowitz & Carl G. Lindbloom, The New Illustrated Book of Development Definitions.

3. The full title of the permissible conditional use provided in the ordinance is "Tourist Home Along a State or Federal Highway."

cation imposed upon Post a total of eleven additional specific conditions as to size, use, parking, lighting, noise, etc. As noted in the decision, the definition of "tourist home" as supplied by Wilson and adopted by the Board does not confuse, but differentiates the term from others such as "bed & breakfast."

On June 1, 2005, the Appellants filed an action in the Woodford Circuit Court seeking to overturn the granting of the conditional use permit. On February 28, 2006, the Woodford Circuit Court concluded the Board had not acted arbitrarily and upheld the Board's decision to grant the conditional use permit to Post. This appeal followed.

■■■ It is well-established that a court's review of the action of an administrative agency is limited to "review, not reinterpretation." *Jones v. Cabinet for Human Resources, Division for Licensure & Regulations,* 710 S.W.2d 862, 866 (Ky. App.1986) (citation omitted). A reviewing court may not substitute its judgment for that of an administrative agency even though it might have reached a different result. *Kentucky State Racing Commission v. Fuller,* 481 S.W.2d 298, 308–09 (Ky.1972). The Supreme Court of Kentucky articulated this standard of review as follows:

> [T]he scope of judicial review of zoning action taken by public bodies, both administrative and legislative, is limited to determining whether the action was arbitrary, which ordinarily involves these considerations: (1) whether the action under attack was in excess of the powers granted to the public bodies [;] (2) whether the parties were deprived of procedural due process by the public bodies[;][and] (3) whether there is a lack of evidentiary support in the findings of the public bodies[.]

*Fallon v. Baker,* 455 S.W.2d 572, 574 (Ky. 1970), *citing American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Commission,* 379 S.W.2d 450 (Ky.1964). A board's factual findings are not deemed to be arbitrary if they are supported by substantial evidence, which is defined as "evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." *Kentucky State Racing Commission v. Fuller,* 481 S.W.2d at 308 (citation and internal quotations omitted).

■■■ The Appellants first argue the Board acted arbitrarily when it relied upon the definition of a tourist home supplied by Wilson. Acknowledging that Wilson has the authority to interpret terms, the Appellants insist that by defining "tourist home," Wilson was creating law, rather than interpreting a term, in excess of her authority. In response, Appellees deny Wilson acted beyond the scope of her authority. Additionally and more to the point, Appellees argue in response that Appellants did not timely appeal the adoption of this definition before the Board of Adjustments pursuant to KRS 100.261. This statute provides:

> Appeals to the board may be taken by any person, or entity claiming to be injuriously affected or aggrieved by an official action, order, requirement, interpretation, grant, refusal, or decision of any zoning enforcement officer. Such appeal shall be taken within thirty (30) days after the appellant or his agent receives notice of the action of the official by filing with said officer and with the board a notice of appeal specifying the grounds thereof, and giving notice of such appeal to any and all parties of record. Said officer shall forthwith transmit to the board all papers constituting the record upon which the action appealed from was taken and shall be treated as and be the respondent in such further proceedings. At the public hearing on the appeal held by the board,

any interested person may appear and enter his appearance, and all shall be given an opportunity to be heard. KRS 100.261.

The appropriate procedure for appeals taken from decisions of enforcement officers, such as Wilson, was discussed by this Court in *Burns v. Peavler*, 721 S.W.2d 715 (Ky.App.1986)(property owner challenging a decision of a zoning enforcement officer, that a deed restriction allowing for multifamily dwellings obviated the need for a zoning change, could not appeal that decision to the circuit court without timely appealing to the board of adjustment). "Review of administrative decisions must strictly follow the applicable statutory procedures." *Burns*, 721 S.W.2d at 717. As part of her job, Wilson researches and provides the Board with information to aid them in making zoning recommendations to the Board. *Id.* We further noted in *Taylor v. Duke*, 896 S.W.2d 618 (Ky.App. 1995), that because "an appeal from an administrative decision is a matter of legislative grace and not a right, the failure to follow the statutory guidelines for an appeal is fatal." *Id.* at 621. The state statutory scheme mandates that the Board of Adjustment first be allowed to review the action of the enforcement officer. KRS 100.257 and KRS 100.261. "Only after the [Board has] rendered [a] decision would the act be deemed sufficiently final to qualify for judicial review." *Burns*, 721 S.W.2d at 717.

The Appellants admittedly became aware of Wilson's recommended interpretation of the term tourist home at the April 4, 2005 hearing. The Appellants did not appeal Wilson's actions to the Board. Instead, it was only after the Board approved Post's conditional use permit, which approval incorporated the now-challenged definition, that Appellants appealed that decision to the Woodford Circuit Court. Appellants claim they did not appeal Wilson's interpretation to the Board because they were only required to do so if her actions were taken within the authority granted to her to interpret ordinances. Because they believe Wilson exceeded her authority, they argue KRS 100.261 does not apply. We disagree.

This issue was addressed by the circuit court in an August 30, 2005, Opinion and Order. The court held that because Appellants did not appeal Wilson's interpretation to the Board within the 30–day period prescribed by KRS 100.261, the definition she provided for a tourist home, would stand.

The intent of KRS 100.261 is to prevent situations such as the one that has arisen here. The Appellants' attempt to have the circuit court, and now this Court, review Wilson's interpretation was untimely. Ms. Wilson's interpretation stands.

Next, the Appellants argue that the Board's decision to grant the conditional use permit was an unconstitutional exercise of arbitrary power. More specifically, the Appellants argue that the Board acted with no guidelines because there are no ordinances in the Woodford County zoning laws which define a tourist home. Thus, they argue, the Board acted in an arbitrary manner. Once again, we disagree.

Planning and Zoning administrative bodies are bound by the general rule applicable to all administrative bodies that their authority is derived solely from the enabling statute and cannot act beyond that power conferred by the legislature. *American Beauty Homes*, 379 S.W.2d at 456. The powers and duties of the Board of Adjustment are set forth in KRS Chapter 100, *et seq.*, which provides uniform legislation for the use of planning and zoning controls on land development. KRS 100.237 gives the Board of Adjustment the

power to grant conditional use permits. The statute states in pertinent part:

The board shall have the power to hear and decide applications for conditional use permits to allow the proper integration into the community of uses which are *specifically named* in the zoning regulations which may be suitable only in specific locations in the zone only if certain conditions are met:

(1) The board may approve, modify, or deny any application for a conditional use permit. If it approves such permit it may attach necessary conditions such as time limitations, requirements that one (1) or more things be done before the request can be initiated, or conditions of a continuing nature. Any such conditions shall be recorded in the board's minutes and on the conditional use permit, along with a reference to the specific section in the zoning regulation listing the conditional use under consideration. The board shall have power to revoke conditional use permits, or variances for noncompliance with the condition thereof. Furthermore, the board shall have a right of action to compel offending structures or uses removed at the cost of the violator and may have judgment in personam for such cost.

KRS 100.237 (emphasis added).

The Appellants simply have not met their burden of persuading this court that the Board acted outside its regulatory authority. The Woodford County Zoning Regulations, Article VII, Section 701.4 specifically names "Tourist Home along State or Federal Highway" as a conditional use in the A–1 zone. From the statute above, it is clear that the Board properly conducted itself in granting Post's conditional use permit for a tourist home. Having made no further arguments as to how the Board might have exercised arbitrary power, we must agree with the Opinion and Order of the Woodford Circuit Court.

For the foregoing reasons, the judgment of the Woodford Circuit Court is affirmed.

ALL CONCUR.