**Harold Gene CUNNINGHAM, et al.,**
**Appellants/Cross–Appellees**

v.

**Diane WHALEN, et al.,**
**Appellees/Cross–**
**Appellants.**

Nos. 2010–SC–000564–DG,
2011–SC–000174–DG.

Supreme Court of Kentucky.

Aug. 23, 2012.

Teresa Lyn Cunningham, Florence, KY, Counsel for appellants/cross-appellees.

Hugh O. Skees, Skees, Wilson & Dillon, PLLC, Florence, KY, Thomas Anthony Sweeney, Sweeney & Fiser, PLLC, Springs, KY, Counsel for appellees/cross-appellants, Diane Whalen, City Of Florence, Florence City Council, Julie Metzger, Ted Bushelman, Mel Carroll, Betsey Conrad, And David A. Osborne.

Michael Taylor McKinney, Burlington, KY, Counsel for appellees/cross-appellants, Eighteen, Ltd.; Dennis Helmer; Gayle S. Helmer; David L. Helmer; and Sandra G. Helmer.

Opinion of the Court by Justice
SCHRODER.

We granted discretionary review in this case to decide whether the City of Florence, Kentucky, violated the Open Meetings Act (KRS 61.800 et seq.) when it agreed in private discussions to settle a pending lawsuit in a zoning matter, when the settlement itself was voted on in an open meeting. Because the Open Meetings Act specifically allows for private discussions of pending (or proposed) litigation (KRS 61.810(1)(c)), the City did not violate the Open Meetings Act, where the final (binding) vote on the settlement was conducted at a public meeting. Therefore, we affirm the Court of Appeals, which affirmed the trial court's summary judgment in favor of the City.

The Appellants/Cross Appellees are residents (the Residents) of a subdivision in the City of Florence, Boone County/Kentucky (the City). Lots 17, 18, and 19 in the subdivision front on the southeast corner of U.S. 42 and Mall Road, which is a major intersection providing access to the Florence Mall.

The owners of the above lots fronting on U.S. 42 (the Property Owners) applied for a zone change from residential to commercial in order to construct two office buildings.[1] The Boone County Planning Commission (the Planning Commission) conducted a public hearing on the application for a zone change on November 19, 2003, but did not take action. The Zone Change Committee (the Committee) held a public meeting on the application on December 2, 2003, and suggested changes to the application. The Property Owners made the suggested changes in the application and submitted a revised plan on December 16, 2003. The next day, the Committee reviewed the revised plan and voted to approve the project, forwarding its recommendation back to the Planning Commission. The Planning Commission then voted to approve the zone change and forwarded the record to the City for final action.

██ The City, through its city council, decided at a public meeting that it would make its decision based on the record from the Planning Commission's public hearing.[2]

---

1. See KRS 100.211 (establishing procedures for zoning map amendments).

2. "If the ... commission conducts a trial-type due process hearing and based thereon makes factual findings and a recommendation, the legislative body may follow the commission's recommendation without a hearing or only an argument-type of hearing." *City of Louisville v. McDonald*, 470 S.W.2d 173, 179 (Ky.1971). "The fundamental requirement of procedural

The City was concerned about the traffic congestion in the area and voted to deny the zone change at a public city council meeting on March 16, 2004, explaining what changes needed to be made in the traffic patterns for the City to approve the project. The Property Owners appealed the denial of the zone change to circuit court.[3]

While the appeal was pending, the Property Owners' attorney discussed a possible settlement of the lawsuit with the City. Private communications went back and forth between the parties and their attorneys until the Property Owners agreed to make the traffic pattern changes the City demanded. With a viable settlement in sight, the parties, including a quorum of the city council, and their attorneys held a private meeting to work out a settlement agreement. The City agreed with the Property Owners that, if the Property Owners would agree to the changes in the application that the City had originally requested, the City would approve the zone change request. A settlement agreement was drafted to that effect.

On August 22, 2006, at a public city council meeting, the settlement agreement was announced and adopted by municipal order[4] by a majority of the City's governing body. Following the adoption of the municipal order agreeing to the proposed settlement, the City had the first reading of an ordinance[5] to change the zoning map.[6] The second reading occurred, and the ordinance was approved, at the next regularly scheduled city council meeting on September 12, 2006. The day after the ordinance was final, the circuit court dismissed the Property Owners' appeal.

The Residents filed suit against the City (and others) raising a number of issues with the *ordinance* passing the zone change. However, for purposes of discretionary review, the only argument that survived to this Court is that the City violated the Open Meetings Act when the city council decided in a private meeting to settle the pending litigation with the Property Owners.

In adopting the Open Meetings Act, the General Assembly decided as a matter of public policy that "the formation of public policy is public business and shall not be conducted in secret...."[7] Accordingly, KRS 61.810(1) requires:

> (1) All meetings of a quorum of the members of any public agency at which any public business is discussed or at which any action is taken by the agency, shall be public meetings, open to the public at all times, except for the following:
>
> ....
>
> (c) Discussions of proposed or pending litigation against or on behalf of the public agency;
>
> ....

 There is no question that the Florence City Council is a "[p]ublic agency"[8]

due process is simply that all affected parties be given 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Hilltop Basic Res. v. County of Boone,* 180 S.W.3d 464, 469 (Ky.2005) (citing *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

**3.** Boone Circuit Court No. 04–CI–00595.

**4.** Florence Municipal Order M–8–06.

**5.** Florence Ordinance O–23–06.

**6.** Per KRS 83A.060(4), non-emergency ordinances require two readings.

**7.** KRS 61.800.

**8.** *See* KRS 61.805(2)(c) ("public agency" includes "[e]very county and city governing body, council, ... and municipal corporation").

and that it had a quorum of its members at a private meeting to discuss a possible settlement of ongoing litigation with the Property Owners over the denial of a zone change request, which was city business. There is also no question that the "[a]ction taken" was a commitment by a majority of the members to settle the case.[9] It is also clear from the record that at the City's next regularly scheduled public meeting, on August 22, 2006, the City passed (by a majority vote of the city council) Municipal Order M–8–06, which approved a written settlement agreement between the City and the Property Owners; the City also approved the first reading of Ordinance O–23–06, approving the zone change, with a second reading and approval at a public hearing on September 12, 2006.

The Residents' argument that the settlement conference violated the Open Meetings Act, and violated their due process rights, is without merit.[10] What the General Assembly gives it can also take away. Though requiring public agencies to conduct public business at public meetings, the General Assembly also created exceptions.[11] KRS 61.810(1)(c) specif-

ically exempts from the requirement of public meetings "[d]iscussions of proposed or pending litigation against or on behalf of the public agency[.]"[12] Settlement conferences in litigation are just that—discussions and proposed agreements. As long as the vote on the municipal order accepting the agreement is made at a public meeting, and the necessary ordinance changing the zone is made at public meetings, the Open Meetings Act has been complied with.[13] If the Residents are dissatisfied with the settlement agreement, their remedy is at the ballot box.[14]

Finally, the Appellees/Cross–Appellants argue that the circuit court erred in failing to dismiss the Residents' claims, because the Residents failed to intervene during the pendency of the Property Owners' initial appeal to circuit court. Because we have concluded that the circuit court properly granted summary judgment in favor of the Appellees/Cross–Appellants, we need not address this issue.

For the foregoing reasons, the opinion of the Court of Appeals affirming the trial

---

9. *See* KRS 61.805(3) (" 'Action taken' means a collective decision, a commitment or promise to make a positive or negative decision, or an actual vote by a majority of the members of the governmental body. . . . ").

10. Due process does not require a new public hearing be held every time there is a revision to the application for a zone change. *See Minton v. Fiscal Court of Jefferson County,* 850 S.W.2d 52, 56 (Ky.App.1992). Appellants' due process arguments are dependent upon a violation of the Open Meetings Act, which we opine did not occur. The Court of Appeals briefly discussed and dismissed Appellants' due process arguments. The out-of-state cases cited in Appellants' brief do not apply in Kentucky for amendments to city or county zoning maps. *See supra,* note 1.

11. *See* KRS 61.810(1)(a)–(m).

12. KRS 61.815(2) also exempts the litigation exception from the requirements of announcement of a closed session and a public vote on holding a closed session, as well as the requirement that no final action be taken.

13. The binding, final vote in this case as to the acceptance of the settlement agreement was the passage of Municipal Order M–8–06. In zoning matters, the final action is the passage of the ordinance granting the zone change request. The City adopted both the order and the ordinance at public meetings. *See* KRS 100.347(3).

14. *See Lexington Fayette County Food & Beverage Ass'n v. Lexington–Fayette Urban County Gov't,* 131 S.W.3d 745, 749 (Ky.2004) ("[P]olicy questions are completely within the province of the local legislative body. . . . Any dissatisfaction can be raised at the ballot box.").

court's summary judgment in favor of the Appellees/Cross–Appellants is affirmed.

All sitting. All concur.