RENDERED: AUGUST 5, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeal

NO. 2021-CA-1271-MR

STEVE BALDWIN AND JOHN PITT                                      APPELLANTS

APPEAL FROM SIMPSON CIRCUIT COURT
v.         HONORABLE MARK A. THURMOND, JUDGE
ACTION NO. 21-CI-00064

FRANKLIN-SIMPSON COUNTY
PLANNING AND ZONING
ADJUSTMENT BOARD; HORUS
KENTUCKY 1, LLC; ROGER
HOFFMAN; AND SUMMERS
HODGES FARM, LLC                                                  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

COMBS, JUDGE: Steve Baldwin and John Pitt appeal an order of the Simpson

Circuit Court dismissing their administrative appeal of the final action of the

Franklin-Simpson County Planning and Zoning Adjustment Board (the board of

adjustment) and their declaratory judgment action. The circuit court dismissed the

appeal on the basis that it had not been perfected according to the requirements of Kentucky Revised Statute (KRS) 100.347(1); it also dismissed the declaratory judgment action because it was indistinguishable from the statutory appeal. After our review, we affirm.

In January 2021, Horus Kentucky 1, LLC (Horus Kentucky) applied to the board of adjustment for a conditional use permit. By means of the permit, Horus Kentucky intended to install solar panels on approximately 434 acres owned by the appellees, Roger Hoffman and Summers Hodges Farm, LLC. With the solar energy anticipated to be generated, Horus Kentucky meant to fulfill its conditional commitment to supply power to the Tennessee Valley Authority. The identified property, located on Tyree Chapel Road in Simpson County, as well as land surrounding it, has been used primarily for agricultural purposes. The local zoning ordinance expressly includes solar farms as a conditional use that the board of adjustment may authorize inside an agricultural district without a finding that the conditional use would not be detrimental to or alter the agricultural character of the area.

The board of adjustment conducted a public hearing concerning the permit application in February 2021. Baldwin, an owner of property near the identified property, and Pitt, who farms Baldwin's acreage, attended the meeting along with their attorney and voiced concerns about the permit application and the

-2-

proposed use of the property. Additionally, counsel for Baldwin and Pitt was permitted to question a representative of Horus Kentucky as if on examination in a trial-type proceeding. Baldwin and Pitt contended that the proposed use of the property would "alter the agricultural character of the neighborhood."

At the end of the public hearing, a member of the board of adjustment, Hunter Boland, made a motion to approve the conditional use permit authorizing use of the identified property as a solar farm. The board of adjustment then voted unanimously to approve the conditional use permit.

In March 2021, Baldwin and Pitt filed a complaint in Simpson Circuit Court. As defendants in the action, they named: the board of adjustment; Hoffman; Summers Hodges Farm, LLC; and Horus Kentucky. Baldwin and Pitt alleged that the conditional use permit application filed by Horus Kentucky was deficient because it failed to include a "plan" as required by the Franklin-Simpson County zoning ordinance. They alleged that "the main concern of the Plaintiffs, and other neighboring landowners, is that the proposed solar farm would significantly alter the basic agricultural zoning character of the [identified property], as well as the surrounding properties[.]" They also alleged that the board of adjustment acted arbitrarily and erred as a matter of law by failing to make written findings of fact. They alleged generally that their "substantive rights" had been materially prejudiced as a result of the action of the board of

adjustment.  Finally, Baldwin and Pitt claimed that they were entitled to declaratory judgment, stating again that the actions of the board of adjustment were arbitrary and capricious.

Without answering the complaint, the defendants (Hoffman; Summers Hodges Farm, LLC; and Horus Kentucky) filed a motion to dismiss.  In support of the motion, they cited the decision of the Supreme Court of Kentucky in *Kenton County Board of Adjustment v. Meitzen*, 607 S.W.3d 586 (Ky. 2020), in which the Court held that in order to invoke the jurisdiction of the circuit court under the provisions of KRS 100.347(1), a party must claim to be actually "injured or aggrieved" by a final action of the board of adjustment.  They also argued that Baldwin and Pitt were not entitled to declaratory judgment as a matter of law.  Baldwin and Pitt responded to the motion to dismiss and filed a motion for leave to amend their complaint.  The board of adjustment did not answer the complaint -- nor did it join in the motion to dismiss.

In an order entered on July 26, 2021, the circuit court denied the motion for leave to file an amended complaint and granted the motion to dismiss.  The court concluded that Baldwin and Pitt failed to allege in their complaint that they had suffered a particularized, specific injury as a result of an action of the board of adjustment.  Consequently, it held that the administrative appeal had not been perfected and that its jurisdiction had not been invoked.  Furthermore, the

court concluded that the complaint could not be amended because our rules of civil procedure do not apply before an administrative appeal has been perfected. Finally, the circuit court held that Baldwin and Pitt could not maintain a declaratory judgment action where the claim was not broader in scope than the administrative appeal that would have provided an adequate remedy. Baldwin and Pitt filed a motion to alter, amend, or vacate the order, which was denied. This appeal followed.

On appeal, Baldwin and Pitt contend that the circuit court erred by concluding that it lacked subject matter jurisdiction. In the alternative, they argue that the circuit court erred by failing to grant their motion for leave to file an amended complaint and by dismissing their separate request for declaratory judgment. While Hoffman; Summers Hodges Farm, LLC; and Horus Kentucky filed a brief with this Court, the board of adjustment did not.

KRS 100.347(1), which creates a statutory right to appeal from a final action of a board of adjustment, provides as follows:

> Any person or entity claiming to be injured or aggrieved by any final action of the board of adjustment shall appeal from the action to the Circuit Court of the county in which the property, which is the subject of the action of the board of adjustment, lies. Such appeal shall be taken within thirty (30) days after the final action of the board. All final actions which have not been appealed within thirty (30) days shall not be subject to judicial review. The board of adjustment shall be a party in any such appeal filed in the Circuit Court.

The provision "creates a narrow avenue to appeal the decision of a board of adjustment[.]" *Meitzen*, 607 S.W.3d at 595. "By limiting the appeal process to certain injured or aggrieved persons or entities, the legislature has effectively prevented the filing of unnecessary and unfounded complaints by any citizen who simply disagrees with the board of adjustment's action." *Id.*

In *Meitzen*, the Supreme Court of Kentucky carefully evaluated the contents of a complaint filed by property owners to initiate the administrative appeal of a decision of a board of adjustment. In that case, the property owners filed an administrative appeal contesting approval of an application for a conditional use permit for the operation of a nursery school in a residential zone. The complaint alleged that the action of the board of adjustment was improper because it did not meet the requirements of the county's zoning ordinance and certain statutory requirements; that the subject property was on a dangerous curve posing risks to those in the vicinity; that "to place a daycare facility in this area would put the general public and our school children in immediate and present danger." *Id.* at 590.

The circuit court dismissed the appeal because the property owners failed to claim that they were "injured or aggrieved" by a final action of the board of adjustment. It concluded that without an express claim that the property owners themselves were injured or aggrieved in some way by the board's action, the court

lacked subject matter jurisdiction.  The circuit court rejected the assertion of the property owners that their status as **adjacent** property owners was sufficient to satisfy the "injured or aggrieved" requirement of KRS 100.347(1).

On appeal, the Supreme Court of Kentucky rejected this Court's conclusion that substantial compliance with the statute's "plain as a billboard" requirements was sufficient.  *Id.* at 595.  It held that in order to establish that an appeal is statutorily permissible under the provisions of KRS 100.347(1), a party must assert that it personally has been injured or aggrieved by the final action of the board of adjustment.  The court explained that:

> a party pursuing an appeal from a board of adjustment must claim [in their complaint] some type of hurt or damage, or some form of suffering or infringement that the party will experience as a result of the board's decision.

*Id.* at 592-93.  It observed that the adjoining property owners simply "failed to provide any factual allegations to support a claim that they themselves were injured or aggrieved in some way by the Board's action."  *Id.* at 593.  It held that "a complaint pursuant to KRS 100.347(1) must reflect how the plaintiff fits into the statutory language authorizing an appeal."  *Id.*  The adjacent property owners "explain how they believe the Board erred legally but they fail to state how the alleged errors affect them or cause injury to them."  *Id.*  In fact, the complaint reads

-7-

"solely as a critique of the Board's decision to grant the conditional use permit, not as a claim on behalf of parties who are themselves injured or aggrieved." *Id.*

Appeal from an administrative decision is wholly a matter of legislative grace. *Triad Development/Alta Glyne, Inc. v. Gellhaus*, 150 S.W.3d 43, 47 (Ky. 2004). Where the right of appeal or the trial court's jurisdiction is codified as a statutory procedure -- as it is in KRS 100.347, the parties are required to follow those procedures strictly. *See Taylor v. Duke*, 896 S.W.2d 618 (Ky. App. 1995).

The complaint filed by Baldwin and Pitt fails to properly invoke the jurisdiction of the circuit court. Baldwin and Pitt alleged that: 1) the conditional use permit application was "flawed;" 2) the proposed solar farm would alter the character of the area; and 3) the board of adjustment acted arbitrarily and erred by failing to make findings of fact. As a result of these circumstances, they alleged that their "substantive rights" had been materially prejudiced. However, like the landowners in *Meitzen*, they did not provide any factual allegations to support a claim that they themselves were injured or aggrieved in some way by the decision of the board of adjustment. While they explained how they believe the permit application was deficient and how the board of adjustment erred as a matter of law, they failed to state how these alleged errors affected or injured them personally or individually.

-8-

Again, the provisions of KRS 100.347(1) establish a narrowly circumscribed means by which to appeal a final action of the board of adjustment. Because their complaint fails to indicate how Baldwin and Pitt fit "into the statutory language authorizing an appeal," they failed to invoke the jurisdiction of the court. *Meitzen*, 607 S.W.3d at 593. The allegations contained in their complaint indicate only that they disagree with the action of the board of adjustment. Consequently, the circuit court did not err by concluding that it lacked subject matter jurisdiction.

Nor did the circuit court err by denying the motion to amend the deficient complaint. Our rules of civil procedure do not apply **until after** an appeal has been perfected for review by a circuit court. *Id.* at 598. As the appeal was never perfected, the provisions of Kentucky Rule of Civil Procedure (CR) 15.01 permitting a party to amend a pleading never became available or applicable.

Finally, the circuit court did not err by concluding that Baldwin and Pitt are limited to the statutory remedy provided by the provisions of KRS 100.347(1). Because they have not shown that their alleged injury arose from anything other than a decision of the board of adjustment, the statutory relief afforded is held to be adequate, and a separate declaratory judgment action cannot be maintained. *See Warren County Citizens for Managed Growth, Inc. v. Bd. of Comm'rs of City of Bowling Green*, 207 S.W.3d 7 (Ky. App. 2006).

We affirm the order of the Simpson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

David F. Broderick
Brandon T. Murley
Bowling Green, Kentucky

BRIEF FOR APPELLEES ROGER
HOFFMAN; SUMMERS HODGES
FARM, LLC; AND HORUS
KENTUCKY 1, LLC:

Randall L. Saunders
Huntington, West Virginia